GRACE L. CAPWELL *vs.* CHARLES H. CAPWELL.

PROVIDENCE—DECEMBER 19, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *Age of Consent to Marriage.  Divorce.*

In the statute relating to divorce the words " legal age to consent to marriage " mean the common law age of consent to marriage, *i. e.*, fourteen years for males and twelve years for females.

A female petitioner for divorce who is seventeen years of age is legally competent to sign her petition and give the court jurisdiction over the proceeding.

(2) *Orders of the Court.*

An order making an allowance to the petitioner in such case is valid.

(3) *Contempt.*

A respondent who has not complied with such order, and shows no sufficient reason for his non-compliance, must be adjudged in contempt.

PETITION for divorce. Heard on motion to adjudge respondent in contempt for not complying with an order granting the petitioner an allowance.

PER CURIAM. Gen. Laws R. I. cap. 195, § 9, provides that " every petition shall be signed by the petitioner, if of sound mind and of legal age to consent to marriage." Our opinion is that the words " legal age to consent to marriage " mean the age of consent to marriage at common law, to wit, fourteen years in case of males and twelve years in case of females. The argument that the words do not authorize the signing of the petition by minors, because the statute relating to marriages requires the consent of parents or guardians to the marriage of minors, is overborne by the consideration that the provision in question was in force in 1872, Gen. Stat. R. I. cap. 153, § 13, and at that time the consent of parents and guardians to the marriage of minors was not required, the provision to that effect having been enacted April 7, 1881, Pub. Laws R. I. cap. 851. Inasmuch as the petitioner at the time of the signing of the petition was seventeen years of age, and therefore above the age required for consent to marriage, our opinion is that the petition is properly signed, and consequently that the court had jurisdiction over the proceeding, and its order making an allowance to the petitioner for her support was valid. It being conceded that the respondent has not complied with the order, and no sufficient reason being shown for his non-compliance, he must be adjudged in contempt.

*George T. Brown,* for petitioner.
*Eugene F. Warner,* for respondent.