ETHEL J. MOWRY v. GEORGE N. BLISS.

JANUARY 11, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett Johnson, and Parkhurst, JJ.

(1) *Alimony Pendente Lite. Executions. Poor Debtor's Oath. Writ of Prohibition.*

A person committed under an execution for due and unpaid weekly allowances for the support of a petitioner in divorce proceedings, is not entitled to the benefit of the poor debtor's oath under the provisions of Gen. Laws cap. 260, sec. 1, as amended by court and practice act section 1153, and a writ of prohibition will lie.

(2) *Alimony Pendente Lite. Executions. Contempt.*

Such a prisoner is not simply imprisoned for debt, but for noncompliance with the decree of the Superior Court, and is liable to imprisonment for failure to comply with the order of the court not only upon execution on such allowance under the statute, but also upon process for contempt in equity.

(3) *Remedy for Release of Prisoner Committed for Failure to Comply with Decree for Alimony Pendente Lite.*

The sole remedy of a prisoner for release from such imprisonment, whether it originates under execution or by process for contempt, is by prayer for modification of the decree, for sufficient cause, addressed to the court which made it.

PETITION for writ of prohibition. Heard, and granted.

DUBOIS, J. This is a petition for a writ of prohibition against the justice of the District Court of the Seventh Judicial District, to prohibit him from proceeding to administer the oath for the relief of poor debtors to Albert L. Mowry, the husband of the petitioner, upon his request to be admitted to take the same, based upon his complaint that he has no estate, real or personal, wherewith to support himself in jail or to pay jail charges.

The petitioner alleges that she is the petitioner in a petition for divorce against her said husband, pending in the Superior Court; that in said cause, upon her petition, said court granted her an allowance of five dollars a week for her support, twenty dollars for counsel fees, and eight dollars for witness fees, which said court ordered said Albert L. Mowry to pay

at fixed times; that said Albert L. Mowry failed to comply with said order of said court, whereupon the petitioner took out an execution for the amount of certain sums accrued, in accordance with the statute in such case made and provided, and thereupon, for want of goods and chattels, said Albert L. Mowry was committed upon said execution to the State's jail in Cranston in said county of Providence; that he applied to George N. Bliss, the justice of a District Court in said county, for the benefit of the poor debtor's oath, under Gen. Laws, cap. 260, and any amendment thereof or addition thereto; that on said application said George N. Bliss caused a citation to be issued and served upon her for a hearing thereon at a certain time and place therein set forth, and that said hearing will take place at that time to the prejudice of her rights unless stayed by this court.

She further alleges that said justice has no jurisdiction in the premises over said application and has no authority to administer said oath to her husband, and concludes with a prayer for the issuance of a writ of prohibition.

The execution upon which Albert L. Mowry was committed to jail was issued for due and unpaid weekly allowances, for the support of the petitioner, which said Mowry had been ordered to pay by decree of the Superior Court. It was therefore an execution for alimony *pendente lite.* By the terms of the court and practice act, section 9: "The superior court shall have exclusive original jurisdiction, except as otherwise provided by law, of suits and proceedings in equity, and of statutory proceedings following the course of equity, of petitions for divorce, separate maintenance, alimony, and custody of children." Gen. Laws chapter 195, § 14, as amended by Pub. Laws 971, § 5, reads as follows: "Sec. 14. The said court may regulate the custody and provide for the education, maintenance, and support of children of all persons by them divorced or petitioning for a divorce, and of all persons to whom a separate maintenance may be granted or who may petition for the same; may in its discretion make such allowance to the wife, out of the estate of the husband, for the purpose of enabling her to prosecute or defend against any

such petition for divorce or separate maintenance, in case she has no property of her own available for such purpose, as it may think reasonable and proper; which allowance shall be so far regarded as a judgment for debt that suits may be brought or executions may issue thereon for amounts due and unpaid, from time to time, to be shown by affidavits of the person entitled to the same and the attorney of record of such person, such executions to run against the goods and chattels of the husband, and for want thereof against his body; and the court may make all necessary orders and decrees concerning the same and the same at any time may alter, amend, and annul for sufficient cause, after notice to the parties interested therein."

(1)     The respondent argues that there is but one question to be considered, namely: "Is the prisoner imprisoned for debt?" and claims that if such is the fact he is unquestionably entitled to proceed to administer the oath for the relief of poor debtors, upon the prisoner's petition, under said Gen. Laws cap. 260, section 1. This section was amended by the court and practice act, section 1153, and reads as follows:

"SECTION 1. Any person who shall be imprisoned for debt, whether on original writ, mesne process, or execution, or for non-payment of military fine or town or state taxes, or on execution awarded against him as defendant in any action of trespass and ejectment or trespass quare clausum fregit, in which title to the close was in dispute between the parties, may complain to the justice of any district court in the county where such person shall be committed that he has no estate, real or personal, wherewith to support himself in jail or to pay jail charges and may request to be admitted to take the poor debtor's oath."

The prisoner is imprisoned by virtue of the provisions of Pub. Laws cap. 971, § 5, amending Gen. Laws, cap. 195, § 14, hereinbefore set forth. The amendment consists of that part of the section which reads as follows: "which allowance shall be so far regarded as a judgment for debt that suits may be brought or executions may issue thereon for amounts due and unpaid, from time to time, to be shown by affidavits

of the person entitled to the same and the attorney of record of such person, such executions to run against the goods and chattels of the husband, and for want thereof against his body." This amendment was probably enacted to meet the objection raised by this court in *Vine* v. *Vine*, 21 R. I. 191, as follows: "A decree for an allowance *pendente lite* is an interlocutory decree, subject to revocation or modification at any time by the court which made it, and consequently cannot be the foundation of an action as upon final judgment. 4 Wait's Actions and Defences, 187, § 5."

But, as was pointed out by Stiness, C. J., in *Wagner* v. *Wagner*, 26 R. I., at page 29: "The objection that an allowance is subject to alteration by the court ordering it, and so it cannot be regarded as a final and conclusive judgment, has little, if any, weight as to an amount already due at the time of suit." He further said: "An accrued amount would not be changed by the court if the debtor was able to pay it, and a suit on a decree is but a step to enforce payment. . . . Evidently in the original forum the ordinary remedy for failure to comply with an order would be in equity by way of process for contempt. . . . The remedy in this State is not confined to equity, for by Pub. Laws (1902) cap. 971, § 5, an allowance is declared to be so far a judgment for debt that suits may be brought or executions may issue thereon for amounts from time to time due and unpaid."

(2) The prisoner is not simply imprisoned for debt, he is imprisoned for noncompliance with the decree of the Superior Court which has exclusive original jurisdiction of the subject. He was liable to imprisonment for failure to comply with the order of the court not only upon execution on such allowance under the statute, but also upon process for contempt in equity.

If he was suffering imprisonment under process for contempt it would hardly be contended that a justice of a District Court has jurisdiction to ameliorate the condition of the prisoner through the instrumentality of the law relating to poor debtors. And such interference with the execution of the Superior Court would avail him nothing, for, if the prisoner should be liberated from his imprisonment as a poor debtor, he could immediately

be incarcerated upon process for contempt, because the administration of the poor debtor's oath would in no wise have the effect of purging him of his contempt.

It is evident that the law relating to poor debtors is not adapted to this kind of a case.

(3)     The sole remedy of a prisoner for release from such imprisonment, whether it originated under execution or by process for contempt, is by prayer for modification of the decree, for sufficient cause, addressed to the court which made it.

The petition for a writ of prohibition is therefore granted.

*Harrison A. McKenney and John C. Quinn,* for petitioner.
*Page and Page and Cushing,* for respondent.