JOSEPH U. STARKWEATHER, Admr. *vs.* GEORGE FRED WILLIAMS, Exr., *et al.*

JULY 13, 1910.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Equity. Contempt Proceedings.*

The decree entered in *Starkweather* v. *Williams,* Feb. 2, 1900, in the Appellate Division of the Supreme Court, was in a suit where the court had jurisdiction of the parties and of the subject-matter, and a party proceeded against for non-compliance with a decree will not be allowed to allege that the court erred in its judgment.

The purpose of the bill in that cause was to impress a trust, in favor of complainant, upon property held by respondent's testatrix in her lifetime, which had come into the hands of respondent, and was claimed by complainant as assets unadministered. It has been previously determined that the decree entered in the cause is conclusive between the parties, and respondent, presenting no reasonable excuse for his failure to comply with the decree, is adjudged in contempt.

PETITION to adjudge respondent in contempt, and granted.

SWEETLAND, J.    This is the petition of the complainant asking that George Fred Williams, executor of the estate of Amey M. Starkweather, be adjudged in contempt, because he has neglected and refused to obey the final decree entered in this case in the Appellate Division of the Supreme Court on the 2nd day of February, 1900.    Said decree provided as follows:—

"Now therefore upon consideration hereof it is ordered adjudged and decreed that said complainant recover of the said respondent George Fred Williams as aforesaid from and out of the estate of the said Amy M. Starkweather remaining in his hands as executor said sum of $3,296.32 less said sum of $430.23, to-wit: the sum of $2,865.09 and also that the said respondent executor as aforesaid turn over to the said complainant upon his receipt therefor all the articles of household furniture, coming into his hands and possession as such executor of said Amy M. Starkweather, that were contained in the inventory returned by her, the said Amy M. Starkweather, as executrix

of James O. Starkweather late of said Pawtucket, deceased."

The complainant alleges and the respondent admits that said George Fred Williams has not paid to the complainant said sum of $2,865.09, or any part thereof, and has not turned over to the complainant the articles of household furniture specified in said decree. At the hearing upon the petition it was urged in his behalf, in the argument and brief of his solicitor, that the respondent was not bound to obey said decree for the reason that it was erroneously entered, as the court was without jurisdiction to enter such decree upon the averments of the bill and the proof before it. It was also claimed by the respondent, in his testimony, that he was advised by the solicitor who had formerly acted for him, that, under the decree, the respondent was to pay to the complainant the sum of money, named in the decree, from the estate remaining in his hands as executor, after he had completed the administration of the estate of Amey M. Starkweather. The contention of the respondent that he was not obliged to comply with the decree in question because the same ought not to have been entered in the cause is without force. The appellate division had jurisdiction of the parties and the subject-matter. "A party proceeded against for disobedience of an order or judgment is never allowed to allege as a defence for his misconduct that the court erred in its judgment." *Davis* v. *Sturtevant,* 9 N. Y. 263. In *Probate Court* v. *Williams,* 30 R. I. 144, we have considered the nature of the issues in this cause and the effect of this decree. "The purpose of the bill in its original and in its amended form is clearly to impress a trust, in favor of the administrator *de bonis non,* upon property which was held by Mrs. Starkweather in her lifetime, either as the executrix of her husband or as the life tenant under his will; which had come into the hands of her executor; which the administrator *de bonis non* claimed as assets unadministered by his predecessor, and which he sought to trace, in its original or substituted form, in the property which had come into the hands of Mr. Williams." In that opinion we held that, as to the issues raised and determined in that suit, "the matter is *res adjudi-*

*cata* and the decree entered therein is conclusive between these parties. . . . The suit in equity was for the purpose of tracing the personal property of James O. Starkweather, which had not been administered already, into the hands of George Fred Williams, and for the purpose of obtaining a decree to recover the same from said Williams. This relief the administrator *de bonis non* received, and upon said decree the administrator *de bonis non* can pursue said Williams, but not upon his bond as executor."

In regard to his interpretation of this decree, and his obligation under it, the respondent has testified as follows:—

"With reference to the decree for payment of money—Mr. Green advised me that I should be personally liable if I paid that money over until it had appeared that there was a sufficient balance in the end of the administration to pay that judgment. That the meaning of that decree was I was to go ahead and administer the estate, to pay debts of the estate, to clear it up, and, if there were no controversies, finally settle my account and if on final settlement of the account there was any balance it was to be applied to that indebtedness. That is the advice which he gave me and which I have followed—that is with respect to the payment of the money decree;" and . . . "That is my attitude with respect to the matter, let alone the fact I discussed, being myself a counsellor at law of more than thirty years' experience, I discussed this matter with my counsel and whatever action I took was upon my best judgment as a lawyer;" and . . . "51 Q. By MR. BASSETT: You say that Mr. Green gave you some advice that you could not pay the amount of the estate to Mr. Starkweather except what was remaining after full administration? A. Yes."

This interpretation of the decree is entirely unwarranted, from its terms. It is inconsistent with the purpose of the suit, which was to trace into the respondent's hands assets of the estate of James O. Starkweather which were in the possession of Amey M. Starkweather at the time of her death. These assets of the estate of James O. Starkweather were not assets

of the estate of Amey M. Starkweather in the hands of the respondent as her executor. When ascertained, no portion of them could be used to pay the debts of Amey M. Starkweather. After the Appellate Division had traced such assets and had determined that they amounted to $2,865.09, it would have been entirely unreasonable for the court to decree that the payment over to the estate of James O. Starkweather should await the chance of that sum remaining in the hands of the respondent after the payment of the debts of Amey M. Starkweather.

The interpretation of the decree claimed by the respondent is inconsistent with his conduct since its entry. On February 28th, 1900, he wrote to the complainant, "I regret to say that owing to the decision of the court in the suits brought by you, I have been compelled to declare the estate of Amey M. Starkweather insolvent." If the respondent was to pay the sum named in the decree from money which might remain in his hands after payment. of the debts of Amey M. Starkweather, the decision of the court would not have caused the estate of Mrs. Starkweather to become insolvent. If, however, the respondent was to take this sum at once from the estate then remaining in his hands, as the decree provided, it might result that the balance would be insufficient to pay the debts of Amey M. Starkweather. Neither does it appear that the respondent has ever advanced this claim in any of the proceedings commenced against him for unfaithful administration, when such a claim would have furnished a pertinent ground of defence. But, however that may be, we do not consider the claim to be a reasonable one, or one which furnishes any ground for refusing the order which the complainant seeks.

By the decree in question the respondent was ordered to pay to the complainant the sum of $2,865.09 from the estate of Amey M. Starkweather remaining in his hands. At the hearing upon this petition the respondent testified that at the time of the entry of the decree, according to his recollection, he had remaining in his hands, of the estate which was in the possession of Amey M. Starkweather at the time of her death, more than the amount named in the decree, and it does not

appear that he has ever claimed otherwise. It has been his plain duty, according to the direction in the decree, to pay the said sum of $2,865.09 to this complainant long since. He has presented to us no reasonable excuse for his failure to do so.

We have held "that a decree for the payment of money may be enforced in chancery proceedings for contempt." *Jastram* v. *McAuslan*, 29 R. I. 390. The prayer of the complainant's petition is granted. A decree may be entered that the respondent George Fred Williams is adjudged to be in contempt, and that he may purge himself of that contempt by the payment to this complainant of the sum of $2,865.09, with interest thereon from the date of the decree entered February 2nd, 1900, within sixty days after the entry of the decree upon this petition, together with the costs of this petition; and that he shall forthwith turn over to the complainant the articles of household furniture named in the decree of February 2nd, 1900.

*Bassett and Raymond*, for complainant.

*R. W. Richmond*, of counsel.

*Gorman, Egan and Gorman*, for respondent.