BRUNO S. DOBIES, Appellant, v. HELEN DOBIES, Respondent.— In this action a judgment of annulment was granted to plaintiff, and it also directed him to pay the sum of $35 a week alimony. On appeal, the judgment was modified so as to reduce the alimony to $25 a week. The appeal is by plaintiff from an order (1) denying his motion to modify the judgment by again reducing the alimony, and (2) granting defendant's motion to adjudge plaintiff guilty of contempt of court for falling in arrears as to the alimony, and fining him in the sum of $420, with leave to purge himself of said contempt by paying the fine in instalments of $10 a week in addition to current alimony. Order modified on the facts by striking from the fifth ordering paragraph the figures "$10.00" and "$35.00" and by substituting therefor the figures "$2.00" and "$27.00", respectively. As so modified, the order is affirmed, without costs. Appellant's "take-home" pay is but $50.67 a week, out of which he must pay $25 a week alimony to the respondent. Under the circumstances he should have been permitted to purge himself of the contempt by paying not more than $2 a week in addition to current alimony. Nolan, P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur.

MARY F. FITZPATRICK, Plaintiff, v. OTTILLIE SNYDER, et al., Defendants; RUDOLPH SCHELL, Appellant, and JEAN S. LASTECOUERES, Respondent.— In an action for partition which was settled by a stipulation of all the parties thereto and the entry of an interlocutory judgment, defendant Rudolph Schell appeals from the final judgment insofar as it denied a cross motion by him for a direction for payment to him out of the distributive share of defendant Lastecoueres of an amount claimed to be due for rent or for use and occupation of part of the premises which were to be conveyed to appellant under the stipulation and interlocutory judgment. Judgment, insofar as appealed from, modified on the law and the facts by inserting after the word "denied" in the second decretal paragraph the words "without prejudice to an action by defendant Rudolph Schell against defendant Lastecoueres for rent or use and occupation from the 23rd of January, 1951". As so modified, the final judgment is unanimously affirmed, with costs to appellant. By the stipulation and the interlocutory judgment the relation of landlord and tenant between these parties arose upon the sale of the New Jersey parcel, at which time the interlocutory judgment required the delivery to appellant of the deed to the parcel in Queens County. Present — Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ.

ARTHUR FUNFGELD, Respondent, v. SAMUEL E. KOGON et al., Appellants.— In an action by a subcontractor against the general contractors to recover for work and materials in connection with certain landscaping, order denying defendants' motion for summary judgment pursuant to rule 113 of the Rules of Civil Practice affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur.