OLIVE S. SHAW *vs.* PERCY M. SHAW.

MAY 11, 1954.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

488

FLYNN, C. J.   This petition was brought by a wife to have her former husband held in contempt for failure to make payments of alimony in accordance with a final decree of divorce.   After a hearing in the superior court a decree was entered holding respondent in contempt and ordering him to make certain payments as therein specified, some of them being applicable to the past-due indebtedness.   The cause is here on the respondent husband's appeal from that decree.

Originally the wife's petition for absolute divorce was granted on September 26, 1951 and the respondent husband was ordered to pay her $15 per week for her support. Before the entry of a final decree respondent became in arrears under that order, was adjudged in contempt, and was ordered to pay the $300 then past due at the rate of $5 per week, in addition to keeping up the regular payments of $15 per week. The final decree of divorce was entered July 7, 1952 and thereafter respondent's motion to modify the same as to the order for payments was heard, denied and dismissed.

Later, petitioner brought at different times two actions in assumpsit in which respondent's pay was attached to obtain payment of certain of such past-due allowances. In the district court each of these actions resulted in a decision for plaintiff and each was appealed by respondent to the superior court for Washington county where both are still pending. Subsequently when other allowances had become due under the final decree and respondent showed no intention of paying them or the amounts involved in the pending actions, the instant petition to hold respondent in contempt was filed in the superior court where it was heard on May 5, 1953. On that date, without previous notice, respondent's attorney filed for the first time a so-called "Plea In Abatement" challenging the jurisdiction of the court to hear the petition because of the pending actions at law. This plea, which was heard with the petition, was denied and the petition was granted. Thereupon the following decree was entered:

"That said Respondent is in contempt of said Court; in the sum of $865.00 plus accruals from date of affidavit, April 24, 1953. That said Respondent may purge himself by:—

1. By forwarding to William H. Leslie, Jr., Attorney for the Petitioner all monies under attachment at the Bradford Dye Assoc. Inc.; this to be applied towards

aforementioned $865.00; all pending actions pertinent to said attachments to be discontinued; said payment to be made on or before May 12, 1953.

2. Said respondent to pay to said petitioner the weekly sum of $15.00 per week plus the additional sum of $6.00 until the balance of said $865.00 is paid; first payment to be made the week of May 11, 1953."

From such decree he has prosecuted the instant appeal.

The respondent chiefly contends in substance and effect that general laws 1938, chapter 416, §14, gives a petitioner the right to collect past-due allowances ordered by a decree of divorce only in a law action as upon judgment for debt or in the alternative by proceedings to hold him in contempt. He argues that the two proceedings are inconsistent; that petitioner elected to proceed at law and was thereby barred from resorting to proceedings in contempt; and that the court was without jurisdiction to hear the petition because of the two actions at law pending in the superior court.

The case is presented by the parties as one of novel impression. General laws 1938, chap. 416, §14, authorizes the court, in its discretion, to make allowances for the support of the wife out of the estate of the husband, and further provides in part that such "allowance shall be so far regarded as a judgment for debt that suits may be brought or executions may issue thereon for amounts due and unpaid, from time to time, to be shown by affidavits of the person entitled to the same and the attorney of record of such person, such executions to run against the goods and chattels of the husband, and for want thereof against his body * * *."

The petitioner apparently tried to collect certain of the earlier unpaid allowances by commencing at different times two actions as upon a debt in accordance with the first express provision above quoted. She did not then resort either to an execution against defendant's body or to a proceeding in contempt. Such actions at law "from time to time" to recover past-due amounts belonged to petitioner

as of right under the express provisions of the statute, and the court could not change that indebtedness by retroactive order. See *Asadoorian for Writ of Habeas Corpus,* 48 R. I. 50, and *Harvey* v. *Harvey,* 45 R. I. 383.

On the other hand the petition for contempt, while attempting to enforce payments under a civil decree, was addressed to the court's discretion. It involved not only the relative rights of the parties under the decree but also concerned the power of the court to vindicate its authority over its own decrees in a divorce case wherein the state also is interested. *Ciallella* v. *Ciallella,* 81 R. I. 320, 103 A.2d 77. That power is inherent in the court and non-payment of such an order in a decree has been held to be the proper subject of a contempt proceeding. See *Reynolds* v. *Reynolds,* 53 R. I. 326, 329, and *Mowry* v. *Bliss,* 28 R. I. 114.

In our judgment the instant petition is not an alternative proceeding to an action at law under the statute in the sense that a petitioner, who once brings such an action for certain overdue payments, is thereby barred from all future recourse to equity for contempt proceedings, even where other payments which are not recoverable in the pending law actions have subsequently accrued under the decree. The statute relied on makes no such provision, expressly or by necessary implication, and respondent cites no authority for this contention.

Here it is unquestioned that, following commencement of the last action at law, respondent had become in arrears of other payments under the decree for the period between that date and the filing of the instant petition. These particular allowances were not and could not be recoverable in the pending actions at law since each succeeding week's allowance constituted a new indebtedness. In any event the court had jurisdiction to enforce such payments. Therefore assuming that respondent's plea in abatement was an

appropriate pleading it could not be sustained on the ground of the court's lack of jurisdiction as alleged. In our judgment such plea was correctly denied.

It is also well established that in a proper case a court of equity having jurisdiction of the parties and subject matter may draw unto itself other aspects of the controversy in order to avoid a multiplicity of actions relating to the same parties and subject matter. Here the trial justice took cognizance of the pending law actions and as one of the conditions of the relief granted by the decree expressly ordered that upon payment by respondent of the moneys under attachment the petitioner would be obligated to discontinue such actions. Thereby respondent was protected against any possible duplication of payments and against multiple suits that differed only as to the amounts and periods covered.

On the record it appears undisputed that respondent had no defense to the pending law actions or to the instant petition so far as overdue payments were concerned. Moreover although he had borrowed $300 to pay on account of past indebtedness, no part thereof had been paid. There was also $200 of his pay under attachment in the law actions, but he made no attempt to release any of it for application to the amount in arrears which even the court could not alter.

The record shows a consistent attempt to delay petitioner from receiving the payments ordered by the court. Although the trial justice found respondent guilty of contempt upon contempt, he decided not to send him to jail. However, as conditions precedent to respondent's being purged of contempt, he prescribed that certain amounts under attachment in the law actions be paid and applied on the past-due indebtedness, whereupon those actions were ordered to be discontinued, and further that he make other payments as specified in the decree appealed from. In the circumstances we are of the opinion that there is no merit to any of re-

spondent's contentions in support of his appeal and that the decision and decree were justified.

In view of the fact that the date set in the decree for making the prescribed payments has now passed, the decree should be modified so as to require compliance therewith on or before May 21, 1954, the other provisions to stand as entered.

The respondent's appeal is denied and dismissed, the decree appealed from is modified as above set forth, otherwise it is affirmed, and the cause is remanded to the superior court with direction to enter the decree as modified by this opinion.

*William H. Leslie, Jr.*, for petitioner.

*Cappuccio & Cappuccio, Frank S. Cappuccio*, for respondent.