236 A.2d 260.

KATHLEEN MARIE DUPRAS *vs.* EUGENE GEORGE DUPRAS.

DECEMBER 15, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This proceeding was brought by a husband to have his former wife held in contempt for disposing of certain household furniture.

In March 1966, the wife petitioned the family court for an absolute divorce, and her husband cross-petitioned for the same relief. After a hearing on the merits, a decision was entered on October 10, 1966 denying the petition, granting the cross petition, and awarding the husband custody of their minor children and the "* * * permanent use of and legal title to the household furniture and effects."

Thereafter, the husband, relying on the mandate of the October 10 decree, asked the wife for the furniture and effects, the temporary use of which had on her motion been awarded to her pendente lite by an interlocutory decree

entered on May 6, 1966. When she refused, he commenced these proceedings to adjudge her in contempt. He also asked that she be ordered to deliver the furniture and effects to him forthwith or to pay him the value thereof.

Following a hearing on the contempt petition, a decree was entered on November 9, 1966, holding the wife in contempt, ordering her to deliver the furniture and effects to the husband within ten days, and continuing the case to November 18, 1966 for a determination of what punishment should be imposed if she failed to purge herself. Even though the wife had ignored the turn over order of the November 9 decree, the court at the November 18 hearing neither imposed any penalty nor took other action. The case is here on the wife's appeal from the November 9 decree and also on what purports to be an appeal from the November 18 proceedings.

While she challenges the November 9 decree, the wife concedes that she has not yet complied with the October 10 decree. She seeks, however, to excuse her misconduct by contending that the trial justice erred on October 10, 1966 when he awarded the husband permanent use of and legal title to the furniture and effects. She bases that contention on three principal grounds: first, that the family court lacked authority, statutory or otherwise, to make such an award; second, that if it had such authority, it should not have exercised it inasmuch as she lacked possession or control of the property on October 10 having sold it on August 7, 1966; and third, that in any event there was no evidence to justify the award.

The mere recital of the grounds in support of the wife's position makes it obvious that, having failed to appeal from the October 10 decree, she now attacks its validity collaterally and is now attempting to do indirectly in these contempt proceedings what she failed to do directly. This we will not permit. The rule is that a party proceeded against for disobeying a judgment of a court which had jurisdiction

both of the persons and of the subject matter will not be permitted to urge in defense of the alleged misconduct that the court erred in rendering that judgment. *Starkweather* v. *Williams*, 31 R. I. 134, 76 A. 662; *Ciallella* v. *Ciallella*, 81 R. I. 320, 103 A.2d 77. In this case the court had jurisdiction both of the parties and the subject matter, and the wife having failed to appeal the October 10 decree is now precluded from asserting in this proceeding that the trial justice erred in causing that decree to be entered.

The appeal from the November 18 proceedings raises no justiciable issues. After the case was called for hearing on that day, the trial justice learned, apparently for the first time, that an appeal had been taken from the November 9 decree adjudging the wife in contempt. Once he became aware of that appeal, he terminated the proceedings without rendering any decision or taking any action. Obviously, he had decided that all proceedings under the November 9 decree had been stayed by the appeal and that he was therefore without authority either to punish the wife for the unpurged contempt, or to make or cause to be entered any order, judgment or decree. Absent a decree, judgment, order, decision, or verdict, there is nothing from which an appeal can be claimed. G. L. 1956, §14-1-52, as amended. The wife's purported appeal from the November 18 proceedings is, therefore, abortive.

The petitioner's appeals are denied and dismissed, the decree of November 9, 1966 is affirmed, and the cause is remanded to the family court for further proceedings.

*Pearlman & Pearlman, Alan Pearlman*, for petitioner.

*Kirshenbaum & Kirshenbaum, Alfred Factor*, of counsel, for respondent.