329 A.2d 200.

JOE LUCIUS BROWN *vs.* CORA BROWN.

DECEMBER 18, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. In this divorce proceeding an order was entered by the Family Court, pendente lite, granting custody of the minor children of the parties to the wife and ordering the husband to pay $50 weekly for their support. The husband now appeals from a later decree granting the wife's motion to adjudge him in contempt for failing to make the required payments during the 5 weeks following the entry of the support order, and ordering him either to pay the arrearages of $250 within 1 week or to present himself to the Family Court for sentencing to the Adult Correctional Institutions.

The husband first challenges the basis for the contempt order, contending that his noncompliance with the earlier support order was due to his inability to pay and was not a deliberate or willful defiance of the court's authority.

We recognize the validity of the legal principle which the husband asserts. *Town of Lincoln* v. *Cournoyer*, 102 R. I. 512, 516, 232 A.2d 124, 126 (1967). We question, however, whether this factual context permits its application. Here, just 5 weeks before the wife filed her motion to adjudge the husband in contempt, the Family Court made due inquiry into the husband's financial ability to meet the children's needs and concluded that a weekly support order of $50 was reasonable.

While the husband may have questioned that order, he did not seek its review. Instead, he ignored it, thereby inviting the wife either to sue thereon as if on a judgment, or to enforce payment through contempt proceedings. *Shaw* v. *Shaw*, 81 R. I. 487, 490-91, 104 A.2d 754, 756 (1954). She elected the latter and, in the proceedings which followed, established a prima facie case for an adjudication in contempt by producing the original support order and proof of nonpayment. The validity of the support order was therefore not in issue. *See Pires* v. *Pires*, 102 R. I. 23, 26, 227 A.2d 477, 478-79 (1967). Whether

the husband's noncompliance was justifiable was a factual question on which the husband had the burden of proof. *See Capwell* v. *Capwell,* 21 R. I. 101, 41 A. 1005 (1898); Annot., 53 A.L.R.2d 591, 607 (1957).

The trial justice properly held the husband to that burden, and gave him full opportunity to explain why the required payments had not been made. Whether the husband was guilty of contempt was addressed to the trial justice's discretion, *Shaw* v. *Shaw, supra* at 491, 104 A.2d at 756, and he found that the husband had not justified his conduct. That finding is entitled to great weight and will not be disturbed absent a showing by the husband that it was based upon an oversight or misconception of material evidence on a controlling issue, or was otherwise clearly wrong. The husband has not satisfied that burden, and we therefore conclude that the trial justice did not err in adjudging him in contempt.

The husband contends secondly that he was financially unable to pay the $250 in support arrearages within the 1 week allotted, and that therefore to make imprisonment the penalty for his failure to do so was to deny him a fair and reasonable opportunity to purge himself of contempt.

Although the question presented appears to be a novel one in this jurisdiction, the parties have not assisted us with citation to authorities elsewhere. Nonetheless, there are some applicable principles so well settled that undoubtedly both parties would accept them. One is that contempt proceedings arising out of noncompliance with alimony or support orders, although to a limited extent designed to preserve the integrity of court decrees, *Ciallella* v. *Ciallella,* 81 R. I. 320, 326, 103 A.2d 77, 80 (1954), are primarily intended to coerce the husband to make good his defaults under such orders. *Reynolds* v. *Reynolds,* 53 R. I. 326, 329, 166 A. 686, 688 (1933); *Mowry* v. *Bliss,* 28 R. I. 114, 65 A. 616 (1907). Another is that the terms of an order

imposing a compensatory fine must be reasonable, *Ciallella* v. *Ciallella, supra* at 326, 103 A.2d at 80; *Dobies* v. *Dobies,* 278 App. Div. 961, 105 N.Y.S.2d 524 (1951), and that a contemnor confined to coerce payment must be released if he pays the compensatory fine or establishes his inability to do so. *Parker* v. *United States,* 153 F.2d 66, 70 (1st Cir. 1946).

The husband's reliance on these principles at this time is premature, however, because the hearing on the contempt motion concerned only the question of whether the husband's original noncompliance with the support order was justified, and did not address his ability or inability to pay the subsequently imposed $250 compensatory fine. This is understandable, for at the contempt hearing neither party could have foreseen whether the husband, if adjudged in contempt, would be imprisoned pending payment of the arrearages, or allowed his freedom so long as he paid the arrearages in one sum or in installments. This record thus fails to reveal any direct evidence on the very factual determination the husband asks us to assume, i.e. whether he is able to raise the $250 required payment within the allotted time.

The record, however, does disclose that the husband had gross annual earnings of about $10,000 and an average weekly take-home pay of approximately $150, and it seems to us that it was reasonable, even on that limited record, for the trial justice to infer as he must have that the husband could somehow obtain $250 within a week. But even if the husband were in fact unable to raise the money and were imprisoned for nonpayment, he could still resort to the remedy established by our decision in *Mowry* v. *Bliss, supra.* There, the husband had been committed under an execution for unpaid weekly allowances for the support of his wife. The court refused to grant his freedom at that time, but reminded him that his

remedy "* * * for release from such imprisonment, whether it originated *under execution* or *by process for contempt*, is by prayer for modification of the decree, for sufficient cause, addressed to the court which made it." *Mowry* v. *Bliss, supra* at 118, 65 A. at 618. (emphasis added)

In this case, then, if the husband fails to make the required $250 payment, he will undoubtedly have an opportunity at the time he appears for sentence to convince the court that he was unable to comply and, even if that right is denied him, he can immediately upon imprisonment resort to the kind of proceeding referred to in *Mowry* for a modification of the decree.

Finally, the husband argues that the earlier support order was tainted by an erroneous evidentiary ruling and was therefore invalid. A sufficient response to this argument is that the husband was subject to the court's jurisdiction when that order was entered. He failed to appeal, and cannot now be permitted to defend his misconduct by asserting collaterally that the order was invalid. *Dupras* v. *Dupras,* 103 R. I. 239, 236 A.2d 260 (1967); *Ciallella* v. *Ciallella, supra* at 325-26, 103 A.2d at 79.

The husband's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remitted to the Family Court for further proceedings.

*Joseph G. LeCount,* for appellant.

*Sanford H. Gorodetsky,* for appellee.