DECISION
The East Providence Education Association ("Union") seeks a preliminary injunction asking this Court to order the East Providence School Committee ("Committee") to rescind certain changes it has made to teachers' compensation. It further seeks the Committee to comply with other terms of the now-expired 2005-2008 collective bargaining agreement ("CBA") pertaining to health benefits until such time as the State Labor Relations Board ("SLRB") has considered the Union's unfair labor practice charge against the Committee. For the reasons set forth in this decision, the Union's motion for a preliminary injunction is denied.
 I Facts and Travel *Page 2 
The Union and the Committee ("Parties") entered into the CBA which, by its terms, expired on October 31, 2008.[1] Prior to the expiration date, the Parties met on several occasions to negotiate a successor CBA. When these meetings failed to resolve all of the issues, the Parties brought in a mediator pursuant to G.L. 1956 § 28-9.3-9. The Committee explained to the Union that it was facing a financial crisis and would need to cut expenditures by roughly $3 million.
After later failing to reach an agreement, the Parties submitted all unresolved issues to interest arbitration. Several hearings ensued and the arbitration panel then issued its decision on December 23, 2008. The arbitration panel recommended no increase in the teachers' salaries, and a five percent co-share for health and dental insurance. While the Union voted to accept the panel's decision, the Committee did not, arguing that said decision would require it to deficit spend in violation of G.L. 1956 § 16-2-9(d).[2]
On January 2, 2009, the Committee sent a letter to the Union notifying it that beginning January 5, 2009, the Committee would reduce teachers' compensation and benefits. Specifically, the Committee would (1) reduce teachers' salaries on average by approximately five percent; (2) require the teachers to contribute, via payroll deductions, twenty percent of the monthly premium for their health and dental insurance; and (3) change the health care plan and benefits with respect to deductible and buy-back provisions. *Page 3 
On January 5, 2009, the Union filed an unfair labor practice charge with the SLRB claiming that the Committee's changes were unilateral, and that the terms of the expired CBA should govern the Parties until a successor CBA could be executed. The Union also filed a complaint in this Court seeking injunctive relief. Specifically, the Union requests that this Court order the Committee to undo the reduction in teachers' compensation and the mandated contribution towards health benefits until the SLRB has decided the unfair labor practice charge.
 II Preliminary Issue: Subject-matter Jurisdiction
Before reaching the question as to whether a preliminary injunction should issue, the Court must first determine if it has subject-matter jurisdiction to do so under the circumstances in this case. The Committee asserts that this Court lacks subject-matter jurisdiction because the SLRB has exclusive and original jurisdiction over unfair labor practice cases. The Union alleged in its complaint that this Court has jurisdiction pursuant to G.L. 1956 §§ 8-2-13, 8-2-16.
Section 8-2-13 provides in pertinent part: "[t]he superior court shall, except as otherwise provided by law, have exclusive original jurisdiction of suits and proceedings of an equitable character and of statutory proceedings following the course of equity. . . ." The Supreme Court of Rhode Island has recognized that "the Superior Court is a court of general equitable jurisdiction." La Petite Auberge, Inc. v. R.I.Comm'n for Human Rights, 419 A.2d 274, 279 (R.I. 1980) (finding Superior Court possessed subject-matter jurisdiction to issue an injunction ordering discovery prior to an administrative hearing). "[A]lthough its jurisdiction is not limitless, the Superior Court possesses, as a matter of fundamental judicial power, the jurisdiction to hear and confront the merits of any case *Page 4 
wherein the power of determination has not been specifically conferred upon another tribunal." Id.
In La Petite Auberge, the Court drew a distinction between (1) the "subject-matter jurisdiction" of the Superior Court, and (2) the propriety of judicial intervention. Id. (citing Borozny v. Paine,122 R.I. 701, 411 A.2d 304 (1980); Hartt v. Hartt, 121 R.I. 220,397 A.2d 518 (1979)). The Court stated "[j]udicial intervention under the present facts may be argued to have been improper, but considered as a matter ofsubject-matter jurisdiction, the jurisdiction of a court of equity toaid a respondent who claims he is being irreparably harmed by theconduct of administrative proceedings may not be disputed."Id. (emphasis added).
This Court clearly possesses general subject-matter jurisdiction over this matter because it has exclusive original jurisdiction over equitable claims (see § 8-2-13), and the Union is indeed making an equitable claim[3]; namely, that its membership is being irreparably harmed during the pendency of the administrative proceeding before the SLRB. Certainly, this Court does not have the specific subject-matter jurisdiction to decide the merits of the unfair labor practice charge; such jurisdiction lies exclusively with the SLRB. However, the Union is not asking this Court to reach the merits of the unfair labor practice claim, only to afford equitable relief pending adjudication by the SLRB. This Court now must consider whether it should grant the injunction under the "standard of review" to be used in such cases, and in light of the fact that the SLRB has *Page 5 
original subject-matter jurisdiction of the unfair labor practice charge brought by the Union.[4]
 II Standard of Review
An injunction is "an extraordinary remedy." Brown v. Amaral,460 A.2d 7, 10 (R.I. 1983). "The primary factors a trial justice must consider in granting a preliminary injunction are a showing of irreparable harm to plaintiff, plaintiff's substantial likelihood of success on the merits, balancing the parties['] interests, and preserving the status quo."King v. Grand Chapter of R.I. Order of E. Star, 919 A.2d 991, 995 (R.I. 2007) (quoting Paolissi v. Fleming, 602 A.2d 551, 551 (R.I. 1992) (mem.)). "An application for [a preliminary injunction] is, of course, addressed to a trial justice's sound discretion. . . ." Coolbeth v.Berberian, 112 R.I. 558, 565, 313 A.2d 656, 659-60 (1974).
 III Discussion
The Union maintains that without injunctive relief, it will suffer irreparable harm with respect to its ability to bargain collectively and because of the mandated reduction of wages and contribution for health care benefits. The Committee contends that none of the foregoing constitutes irreparable harm because there is an adequate remedy at law.
It is well-settled that "the principal prerequisite to obtaining injunctive relief is the moving party's ability to prove that it is being threatened with some immediate irreparable injury for which no adequate remedy at law lies." In re State Employees' Unions,587 A.2d 919, 925 (R.I. 1991). With regard to the Union's collective bargaining ability, if the SLRB decides that the Committee committed an unfair labor practice when *Page 6 
it reduced the teachers' compensation, then the SLRB may award back pay and restoration of monies paid for health benefits to the teachers.See G.L. 1956 § 28-7-22(b)(1)(ii) (SLRB may award back pay). If the SLRB requires the Committee to respect the terms of the expired CBA, the Union effectively will have retained its bargaining position.See In re State Employees' Unions, 587 A.2d at 926.
Although the Union contends that it will suffer irreparable harm unless this Court prohibits the Committee from reducing wages and mandating a contribution for health care benefits, it is important to note that these changes simply are pecuniary in nature. The changes do not affect the teachers' health care benefits — only the cost to the teachers for such benefits. In other words, the teachers will retain the same coverage and access to physicians as they did under the expired CBA. While this Court is sympathetic to the additional costs and potential financial hardships these changes will have on the teachers, financial hardship alone does not rise to the level of irreparable harm under the law. See id. ("It is axiomatic in equity law that a claim for monetary damages will ordinarily not invite injunctive relief, as there is an adequate remedy at law."); 42 Am. Jur. 2d Injunctions § 34 (2000) ("Injunctions have been refused where the only offered basis of irreparable injury was economic loss, including . . . the loss of employment or compensation. . . .").
Here, the Union claims that the teachers' reduced compensation and mandated share of the cost of health benefits pose irreparable harm, thus warranting injunctive relief. However, if the Union is successful before the SLRB, then the teachers may be awarded back pay and refunded any improper health care contributions. Accordingly, *Page 7 
this Court finds that the Union will not suffer irreparable harm without an injunction, and that it has an adequate remedy at law.
Considering that the Union has failed to satisfy the test for irreparable harm, the Court will not decide whether the Union can demonstrate a likelihood of success on the merits as to the unfair labor practice charge. See In re State Employees' Unions, 587 A.2d at 927 n. 2. As noted previously, the SLRB has exclusive original jurisdiction to decide the merits of the unfair labor practice charge. It would be an abuse of the Court's discretion to undertake that inquiry when original jurisdiction regarding that issue resides with the SLRB and no irreparable harm would result to the Union membership during the pendency of the matter before the SLRB.
The SLRB first should address this issue on the merits. In doing so, the SLRB decision should consider the tax cap provisions found in § 16-53 of the City Charter of East Providence and § 16-2-21(d), and the no deficit spending provision found in § 16-2-9(d). If the Union is successful before the SLRB, it will have an adequate remedy. If the Union is unsuccessful, the status quo will be preserved. It should further be noted that the SLRB decision may then be reviewed by this Court on administrative appeal pursuant to G.L. 1956 § 42-35-15. The public interest at this time is not served by this Court intervening in the dispute between the Parties.
 IV Conclusion
For the foregoing reasons, this Court denies the Union's motion for a preliminary injunction.
[1] Article XI of the CBA in its entirety reads: "[t]his will be a three (3) year Contract from November 1, 2005 through October 31, 2008."
[2] Pursuant to § 28-9.3-12, the panel's decision regarding the expenditure of money was non-binding, thus allowing the Committee to reject it.
[3] A preliminary injunction is an equitable remedy. See
42 Am. Jur. 2d Injunctions § 1 (2008).
[4] While the Union asserts in its response memorandum that this Court has jurisdiction pursuant to § 8-2-13.1, because it failed to cite this section in its complaint, this argument is not properly before this Court.