ELIZABETH M. WAGNER *vs.* GEORGE W. WAGNER.

PROVIDENCE—MARCH 4, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Pleading. Debt. Judgments. Alimony. Equity.*

An action of debt can be maintained at law, upon the decree of a domestic court of chancery awarding alimony, in all cases where such decree directs the payment of a fixed and absolute debt in money.

(2) *Pleading. Debt. Judgments. Alimony.*

The action can be maintained, although the alimony adjudged is not a single sum, but an accruing allowance, to recover the alimony accrued at the time of bringing suit.

DEBT. Heard on demurrer to plea, and demurrer sustained.

STINESS, C. J. The plaintiff sues in debt on judgment on a decree for alimony rendered by the Superior Court of Massachusetts. The defendant pleads to the jurisdiction in law, claiming that the remedy is in equity. To these pleas the plaintiff demurs.

(1) The first question is: does an action at law lie upon a decree in equity, from another State, for the payment of money?

In *Pennington* v. *Gibson*, 57 U. S. (16 How.) 64, the rule is stated that, whenever an action of debt can be maintained on a judgment at law for a sum of money awarded by such judgment, the like action can be maintained upon a decree in equity which is for a specific amount. That was a case brought in a federal court on a decree in equity in a State court.

In *Barber* v. *Barber*, 62 U. S. (21 How.) 582, 591, the court said that a decree for alimony is a judgment of record and will be received as such by other courts. That suit was in equity, and the alimony sued for was granted in a divorce from bed and board.

That the remedy is not limited to equity by the Supreme Court of the United States appears from *Lynde* v. *Lynde*, 181 U. S. 183. In that case alimony had been awarded in New Jersey, and an action was brought on the judgment in New

York, where the courts held (41 N. Y. App. Div. S. C. 280, and 162 N. Y. 405) that such an award could be enforced in the latter State. The case was then taken to the Supreme Court of the United States, where the judgment of the Court of Appeals of New York was affirmed.

The rule is now well established that an action of debt will lie in a court of law, on the decree of a domestic court of chancery, in all cases where such decree directs the payment of a fixed and absolute debt in money. 2 Black Judg. 2d. ed. § 962. *Dow* v. *Blake*, 148 Ill. 76.

(2)    A second question arises: Whether an action will lie where the sum adjudged is not a single stated amount, but an accruing allowance.

Upon this there have been more adverse decisions than on the preceding question; but the tendency of courts, and the better reason, is in favor of enforcing such decrees where the only question involved is the payment of the money. An obvious advantage in this course is that it tends to unify the remedial agencies of the country by making them enforceable in all its parts. It would be a reproach to our system of legal administration if one could escape from the operation of a judicial decree by going into another State. This is one country, and so far as possible it should have one law. Whatever tends to make the operation of law and legal remedies equally effective in all parts of the land is carrying out the true idea of a common country. A party against whom a judgment stands should not be shielded by the fact that he is not in the State where it was rendered. In the State where a decree is given for an allowance at stated periods it would be enforced, and so it should be enforced elsewhere if it can be.

So it is held in *Knapp* v. *Knapp*, 59 Fed. Rep. 641, that an action will lie in a federal court, upon a decree of divorce rendered by a State court of equity, to recover alimony accrued at the time of filing the complaint.

In *Bullock* v. *Bullock*, 57 N. J. L. 508, the court said, quoting from *Bullock* v. *Bullock*, 52 N. J. Eq. 561: "If by the direction to pay alimony an indebtedness arises from time to time, as such payments become due, an action at law will lie thereon,

and the decree will furnish conclusive evidence of such indebtedness."

One of the strongest cases in support of the enforcement of accruing alimony is *Barber* v. *Barber, supra.* The court said, of an allowance for support: "It becomes a judicial debt of record against the husband, which may be enforced by execution or attachment against his person, issuing from the court which gave the decree; and when that can not be done on account of the husband having left or fled from that jurisdiction, the wife, by her next friend, may sue him wherever he may be found, or where he may have acquired a new domicile, for the purpose of recovering the alimony due to her, or to carry the decree into a judgment there with the same effect that it has in the State in which the decree was given. Alimony decreed to a wife in a divorce of separation from bed and board, is as much a debt of record, until the decree has been recalled, as any other judgment for money is."

The opinion holds that the remedy is in equity, but, as we have seen, the later case of *Lynde* v. *Lynde*, admits the remedy at law.

To the same effect are *Arrington* v. *Arrington*, 127 N. C. 190; *Brisbane* v. *Dobson*, 50 Mo. Ap. 170; *Harrison* v. *Harrison*, 20 Ala. 629.

The objection that an allowance is subject to alteration by the court ordering it, and so it cannot be regarded as a final and conclusive judgment, has little, if any, weight as to an amount already due at the time of suit.

An accrued amount would not be changed by the court if the debtor was able to pay it, and a suit on a decree is but a step to enforce payment. But however this may be, the cases cited sufficiently recognize the right to sue; and in this case, the husband having died before this suit was brought, the possibility of a change had passed.

The defendant argues further that, because the jurisdiction over decrees in divorce is in equity in Massachusetts and in this State, the prosecution of the claim must be in equity and not at law.

Evidently in the original forum the ordinary remedy for

failure to comply with an order would be in equity by way of process for contempt. This process could not appropriately be applied by some other court, whose decree has not been violated, but a suit at law would be appropriate. Hence, as we have seen in the cases cited, the remedy at law is allowed in other States.

The remedy in this State is not confined to equity, for by Pub. Laws (1902) cap. 971, § 5. an allowance is declared to be so far a judgment for debt that suits may be brought or executions may issue thereon for amounts from time to time due and unpaid.

Demurrer to pleas sustained.

*Van Slyck & Mumford*, for plaintiff.

*Wm. M. P. Bowen*, for defendant.