CARMEN WILLIAM CIALLELLA *vs.* ANGELINA CIALLELLA.

FEBRUARY 18, 1954.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

Flynn, C. J. This proceeding was brought by a wife to have her former husband held in contempt for failure to make payments as ordered by a final decree of divorce. After a hearing before a justice of the superior court, a decree was entered finding the husband to be in contempt and permitting him to purge himself by making payments as specified therein. From that decree he has prosecuted an appeal to this court.

It appears that Carmen William Ciallella originally brought a petition for absolute divorce against his wife Angelina Ciallella, who filed a cross-petition thereto. After a hearing in the superior court a decision was rendered denying the husband's petition, granting the wife's amended cross-petition, awarding her the custody of their two minor

children, Rita and William Ciallella, and ordering him to pay $25 weekly for the support of herself and said children. He was also ordered to pay for the instruction and education of the daughter Rita. The petitioner in the divorce case, Carmen William Ciallella, is the respondent in the instant proceeding.

On December 13, 1945 a final decree of divorce was entered in the superior court in favor of the wife in accordance with the above decision. The pertinent part thereof ordered and adjudged that the custody of the two minor children of the parties be awarded to the wife; that beginning June 4, 1945 the husband pay to her the sum of $25 weekly for the support of herself and said children; and that he also pay for the instruction and education of the daughter Rita.

At the time the decree was entered the son William was nineteen and the daughter Rita seventeen years old. With the exception of some delays or irregularities which are not important here, the weekly payments of $25 as ordered were made for several years. The respondent did not. stop the payments after January 1949 when both children had become twenty-one years of age. Nor did he then or later seek any modification of the final decree. He continued to make such payments under the decree until about June 6, 1952, after which time he made none. It was agreed by the parties that if he was legally required to make the $25 weekly payments he was in arrears to the amount of $795 as of the date when petitioner filed the instant petition to hold him in contempt.

There was evidence dealing with petitioner's ill health and the need for the full amount of $25 for her own support, which was not expressly denied, and also other evidence as to respondent's increased obligations because of another marriage, his indebtedness incurred in business, and his own health, all bearing on the questions of petitioner's support and respondent's claim that he was unable

to pay. In view of our conclusion it is unnecessary to set out this evidence in detail.

The trial justice found that respondent admittedly was in arrears in his payments under the final decree of divorce; that as a matter of law the amounts which had already accrued thereunder could not be disturbed; and that in the absence of a motion to modify the decree as to future payments, which motion respondent's counsel declined to file, there was no adequate reason on the evidence of record to make any different order for petitioner's future support. Consequently a decree was entered January 20, 1953 finding respondent to be in contempt and permitting him to purge himself by paying the indebtedness of $795 at the rate of $100 a month, and by paying petitioner $100 as counsel fee within thirty days of the entry of the decree. The instant appeal is from that decree.

The respondent contends in substance that divorce is a purely statutory proceeding; that the court's jurisdiction thereunder in regard to the custody and allowances for support of children of divorced parties is restricted to *minor* children; and that therefore any order, if it purported to require payment for the children's support *after* they became twenty-one years of age, would be without, or at least in excess of, the court's proper jurisdiction.

In this connection it is argued that the decree ordering payments for the support of the children should be construed with and limited by the other provision which awarded to petitioner the custody of the two *minor* children of said parties, and that such interpretation would be consistent with the expressed intention of the parties and the court's proper jurisdiction. He further argues that here the weekly payment of a lump sum was clearly intended to cover two purposes, that is, alimony for petitioner and allowances for the support of the two children until the younger one had reached the age of twenty-one years; that upon that eventuality in 1949 respondent no longer

was legally bound to pay the full $25 weekly because that sum included the children's support as well as alimony; and that payments for petitioner's alimony *alone* would necessarily be less than the total amount which the court had awarded for the support of all three.

On these premises he concludes that the court erred in failing to first determine and allocate the proper amounts that were intended for alimony and support respectively under the final decree, and in refusing to give retroactive effect to such an allocation as of the date when the younger child had reached the age of twenty-one years. If such allocation were made, he claims, the court should have credited as overpayments on petitioner's alimony all that part of $25 which was originally intended for the children and was paid after they both became of age. In these circumstances he argues that he could not be held to be in contempt until such an accounting was made.

In support of the above general contention or various parts thereof, he cites certain cases from other jurisdictions. However, we need not consider those authorities in detail because the controlling principles of law are now reasonably settled within our practice and precedents. In our judgment the contentions of respondent are plausible but are not consistent with such principles.

At the time the final decree was entered the superior court unquestionably had jurisdiction of both the subject matter and the parties. General laws 1938, chapter 416, §14. See *Grattage* v. *Superior Court,* 42 R. I. 546; *Budlong* v. *Budlong,* 51 R. I. 113; *Warren* v. *Warren,* 36 R. I. 167. Therefore it cannot be argued successfully that the court lacked jurisdiction or exceeded it when the final decree was entered. The form thereof, requiring petitioner to pay a lump sum of $25 weekly for alimony and allowances for the support of the wife and two children, was not objected to by the attorney for either party, and in any event such a lump sum would not of itself make the decree void or

voidable. The decree by its terms was not self-executing or self-terminating, as it might have been if the amount awarded for each child's support was therein specified or if the whole decree had required payment of the lump sum only until both children had reached the age of twenty-one years. In the form in which it was entered it was an effective decree requiring the husband to pay $25 weekly until amended or terminated by proper order of the court. *Brown & Sharpe Mfg. Co.* v. *Giacoppa,* 69 R. I. 378; *Gilbert* v. *Hayward,* 37 R. I. 303.

It is true that the *Brown & Sharpe Mfg. Co.* v. *Giacoppa* case concerned workmen's compensation but there, as here, the court's jurisdiction is also derived from a statute. In that case we held in substance that an approved compensation agreement had the force and effect of a decree and therefore could not be terminated or changed by the self-determined action of the employer alone without reference to the tribunal or court which had approved or entered it.

In the *Gilbert* v. *Hayward* case, as here, a decree in a divorce proceeding ordered weekly payments of a specified lump sum for the support and maintenance of the petitioner and child of the parties. It was held that the unpaid installments of alimony under such decree at the time of respondent's death must be regarded as a fixed judgment until properly altered by the court.

Moreover, since the unpaid allowances under a decree are in the nature of a final judgment, no action of the court could retroactively disturb them. The court's right to modify the decree would remain but would extend only to the executory portion thereof, that is, to sums to become due in the future. See *Asadoorian for Writ of Habeas Corpus,* 48 R. I. 50, 53. The burden of showing a change in circumstances sufficient to warrant any modification is on the party urging it. See *Moore* v. *Moore,* 53 R. I. 294, 295. Furthermore a respondent alleged to be in contempt of an order for unpaid allowances, which are considered as equiva-

lent to a judgment, is not allowed to defend his disobedience by claiming the court erred in its judgment. *Starkweather* v. *Williams,* 31 R. I. 134.

In our opinion the contentions of respondent are essentially contrary to or inconsistent with the principles enunciated in the above-cited cases. In the circumstances a proper application of those principles, as made by the trial justice, requires the conclusion that the decree was valid and effective according to its terms until amended or terminated by order of the court.

The respondent further contends, however, that in any event the allowance of $100 as counsel fee was erroneous under *Gartner* v. *Gartner,* 79 R. I. 410, which case apparently was not called to the trial justice's attention before he made his decision. It is true that the statute as construed in the *Gartner* case was held to prevent the award of a counsel fee to a wife to prosecute an appeal from an adverse order in connection with a proceeding to modify a final decree. In the instant case, however, the court's decree has a dual aspect. First it affected the petitioner's rights and respondent's duty under the statute, and secondly it concerned the authority of the court to enforce its decrees as to matters and persons properly before it.

We are of the opinion that the power of the court to preserve the integrity of its decrees by enforcement through contempt proceedings necessarily includes the incidental authority to impose reasonable terms when permitting the guilty party to purge himself of the contempt. In other words the award of a counsel fee in the instant case was not to enable petitioner to prosecute an appeal but was in the nature of a penalty assessed by the court, in the exercise of its jurisdiction and sound discretion, to vindicate its own power over the decree. The allowance was made as a condition precedent to permitting respondent to purge himself of the contempt as found by the court. It is therefore clearly distinguishable from an award of a counsel fee to

a wife for a proceeding like that in the *Gartner* case.

The appeal of the respondent Carmen William Ciallella is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Higgins, Kingsley & Williamson, Arnold Williamson, Jr.,* for petitioner Angelina Ciallella.

*Paul B. McMahon,* for respondent Carmen William Ciallella.