BERTHA G. HARTWICH *vs.* ROBERT L. HARTWICH.

JUNE 11, 1954.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

FLYNN, C. J.  This petition was brought by a wife to have the respondent, her former husband, held in contempt for noncompliance with the terms of a final decree of divorce. It was heard in the superior court together with respondent's motion to suspend payments thereunder on the ground of a

change in circumstances. From a decree finding respondent in contempt but granting his motion to suspend all payments for an indefinite period, the petitioner has prosecuted her appeal to this court.

It appears that by a final decree of the superior court petitioner was granted an absolute divorce and was given custody of the minor child of the parties. The respondent was ordered to pay $20 weekly for the support of said child, alimony being expressly waived by petitioner. Subsequently respondent became in arrears in the payments under said decree in the amount of approximately $325, was adjudged in contempt, and under an amended decree was permitted to purge himself thereof by making weekly payments of $15 and an additional $5 which was to be applied to the allowances already accrued and unpaid. He was also directed to sell, or to turn over to petitioner's counsel for sale, an old automobile and to apply the proceeds on account of the past due allowances. The car was not sold or delivered by respondent as directed by the decree. The weekly payments thereunder were made until March 19, 1953, but from that date respondent has made no further payment.

The respondent, in excusing his noncompliance, testified that on March 20, 1953 he suffered an injury in the course of his employment and received no money whatever for some five weeks. He then received workmen's compensation for total incapacity at the rate of $28 per week from the date of the accident. However, he claimed that he had incurred other indebtedness for rent and living expenses which he was required to pay out of such income. He admitted he also was receiving $23 per week from the state's cash sickness benefit, so that at the time of hearing on the instant petition for contempt he was actually receiving $51 per week.

The respondent had married again and according to his

testimony it required about $62 weekly for his necessary living expenses, excluding obligations to his present wife who is supporting herself. In this computation respondent included weekly items of $20 for meat and groceries and $16 for rent. He also explained that the weekly cash sickness benefit of $23 is "only good for a couple of more weeks."

The trial justice found that respondent was in technical contempt but declined to send him to jail on the theory that such action would be of no real benefit to petitioner or to respondent's present wife. After expressing belief that in the circumstances it would be contrary to public policy to have respondent necessarily getting further in contempt each week for nonpayment while he was injured, he granted the motion to suspend *all* payments under the decree "until said respondent recovers from his injuries." At the same time he explained: "But that does not release him from his common law obligation to support the child."

In the circumstances we cannot sustain the claim made by petitioner to the trial justice that the evidence *required* him to send respondent to jail for his contempt. Ordinarily such summary action is addressed to the sound discretion of the court, to be exercised in accordance with particular facts and findings as to the extent and willfulness of respondent's contempt for the authority and dignity of the court. *Ciallella* v. *Ciallella*, 81 R. I. 320, 103 A.2d 77. Nor can we say that if the trial justice believed respondent's testimony as to his financial resources and his other creditors, he necessarily exceeded his jurisdiction in modifying the decree so far as it suspended *future* payments, since that authority stems directly from general laws 1938, chapter 416, §14. See also *Asadoorian for Writ of Habeas Corpus*, 48 R. I. 50.

But the question still remains whether the suspension of *all* payments under the decree "until said respondent recovers from his injuries" was so unreasonable in the cir-

cumstances as to constitute an abuse of discretion. It should be noted that both the original and the modifying decrees ordered payments solely for the support of the minor child of the divorced parties, alimony having been expressly waived. Further, respondent was previously permitted to purge himself of contempt of an earlier decree on condition that he pay $15 weekly for current support and $5 additional toward the past due allowances. At the instant hearing the trial justice found that such earlier condition had not been fulfilled by respondent and that he therefore was further in contempt of both aspects of the decree of December 1, 1952, even though his actual income was admittedly greater than his earnings were at the time such payments were ordered as a condition to his being purged of contempt.

Notwithstanding these facts the instant decree suspended *all* payments "until said respondent recovers from his injuries." Under the workmen's compensation law that period, so far as the transcript shows, might well last for many years. In such event he could be receiving, because of his injury, more money than he was actually earning at the time of the earlier decree. But by operation of the instant decree he would be completely relieved during that long period of the obligation of paying anything toward his minor child's support. In other words, notwithstanding the final decree, order, and respondent's assured income, the practical effect of the suspension of *all* payments for such an indefinite period would amount in these circumstances to shifting the whole burden of supporting a minor child from the guilty respondent to the guiltless petitioner, possibly for the balance of the child's minority.

Furthermore it is well settled that where the court has jurisdiction of the subject matter and parties the welfare of minor children of divorced parents is always within the continuing jurisdiction and concern of the court. *Rey-*

*nolds* v. *Reynolds,* 79 R. I. 163. The duty was on respondent to show an adverse change in financial circumstances to warrant relief from such decree. *Hoefler* v. *Hoefler,* 72 R. I. 54. In view of the welfare of the child and the evidence of respondent's income, we are of the opinion that the trial justice's decision, at least to the extent that it suspends the obligation of respondent to pay $5 weekly toward the past due allowances for the child's support as ordered by an earlier decree, is arbitrary. Assuming that respondent has sustained the burden sufficiently to justify some relief as to payments for current or future support while he was unable to work, he did not show by credible evidence that he should be relieved of *all* payments for such an indefinite period. This is particularly true as to payments which were to be credited against past due allowances, which could not be directly canceled by the court.

In our judgment the practical effect of a total suspension of all payments for such an indefinite period is in the circumstances contrary to the public policy of caring for the welfare of the minor child of divorced parties in accordance with the parent's financial ability. On the evidence here we are of the opinion that the provision of the earlier decree and the order requiring payments of $5 weekly to be credited on the past due allowances should not have been suspended; that such allowances which were due at the time of hearing and which have accrued since the entry of the decree appealed from are within his financial ability and obligation; and that these should be paid as a condition to purging himself of contempt. We are also of the opinion that the instant decree, so far as it suspends the other weekly payments for current or future allowances, should be operative only until further order of the court, rather than for the duration of respondent's injury.

The petitioner's appeal is sustained, the decree appealed from is reversed in part and affirmed in part, and on July 7,

1954 the parties may present to this court a form of decree, in accordance with this opinion, to be entered in the superior court.

*Isidore Kirshenbaum, Max Levin,* for petitioner.

*George L. Mihos, Harold W. Demopulos,* for respondent.