314 A.2d 149.

Susan Elizabeth Tente *vs.* Arnold Francis Tente.

JANUARY 22, 1974.

Present: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

DORIS, J. In June 1965, the petitioner filed a petition for divorce from the respondent wherein she sought custody of their minor son and support for the child. On October 13, 1967, a final decree was entered granting her the divorce, awarding her custody of the child, and ordering the respondent to pay her the sum of $20 weekly for support of the child. The payments were to be made by the respondent to the Family Court. The respondent was granted the right to have the child visit and remain overnight with him on each Sunday, providing that the petitioner was given reasonable and adequate notice of the respondent's intention to exercise his visitation rights. The decree was silent as to the right of either party to remove the child from the state of Rhode Island.

On September 23, 1971, petitioner filed a motion to adjudge respondent in contempt for failure to make support payments in accordance with the final decree. After a hearing in the Family Court, a decree was entered wherein respondent was found to have failed to make support payments for a period of 208 weeks in the amount of $4160, for which failure he was adjudged to be in wilful contempt. The respondent has appealed from that decree to this court.

On November 2, 1971, respondent filed a motion to adjudge petitioner in contempt, alleging that by moving out-

side the state petitioner had deprived respondent of visitation rights granted him in the final decree. After a hearing, a decree was entered wherein respondent's motion to adjudge petitioner in contempt was denied, respondent was ordered to pay a counsel fee to petitioner's attorney and was also ordered to pay travel expenses to petitioner. The respondent has also appealed from that decree to this court.

It appears from the record that respondent made support payments of $20 weekly to petitioner directly by check for the minor child until November 4, 1967, and made no payments thereafter until December 1971 following a hearing in Family Court. It is conceded by the parties that no support payments were made by respondent for a period of 208 weeks.

The petitioner testified that from November 1967 until September 1968 she and the minor child resided on Camden Avenue in the city of Providence. She further testified that in September 1968 she moved to Flushing, New York, and took the child with her. The petitioner denied that she made any arrangement or agreement with respondent concerning support payments.

The respondent testified that by agreement of the parties, he made support payments directly to petitioner until November 4, 1967. He further testified that in November 1967 petitioner left Pawtucket where she and the child were living and that he was unaware of their whereabouts until, by accident, he discovered they were living on Camden Avenue in the city of Providence. He admitted that he made his last support payment on November 4, 1967. He further testified that he made no effort to modify the support order contained in the final decree, and that he made no payments to the Family Court in accordance with the decree.

## I

The respondent first contends that the trial justice erred when he found him in wilful contempt, claiming that he had made support payments directly to petitioner in accordance with an agreement between the parties. The petitioner denied making any arrangement for support payments different than the method set forth in the final decree. Ordinarily the matter of contempt is addressed to the sound discretion of the court, to be exercised in accordance with particular facts and findings as to the extent and wilfulness of respondent's contempt for the authority and dignity of the court. *Hartwich* v. *Hartwich,* 82 R. I. 54, 105 A.2d 821 (1954); *Ciallella* v. *Ciallella,* 81 R. I. 320, 103 A.2d 77 (1954).

On the conflicting testimony the trial justice stated he did not believe respondent and found as a fact that the parties made no agreement for a method of support payments different than that contained in the final decree. He thereupon found respondent to be in wilful contempt. The findings of a trial justice will not be disturbed on appeal unless shown to be clearly wrong. *Abilheira* v. *Faria,* 102 R. I. 214, 229 A.2d 758 (1967). On our review of the record we cannot say he was clearly wrong. We will therefore not disturb his finding that respondent was in wilful contempt.

## II

The respondent next contends that support payments for the minor child should have been suspended during the time that petitioner and the child were residing outside the state since he was deprived of visitation rights granted under the final decree. As authority for his argument, respondent directs our attention to the case of *Weinbaum* v. *Weinbaum,* 153 A. 303, 304 (R. I. 1931), wherein the court stated:

"* * *[T]here is no merit in the claim that the re-
spondent is in default in his payments while the peti-
tioner was residing in Florida. The obligation of the
respondent to pay the weekly sum ordered for the
support of the child is conditioned on his being allowed
while a resident of Rhode Island to see her once a
week at reasonable times and places. The petitioner
in electing to take up her residence in Florida, taking
the child with her, was no longer in a position to
comply with the terms of the decree, and consequent-
ly forfeited her rights thereunder so long as she re-
mained in Florida and retained the custody of the
child."

The respondent gains nothing from *Weinbaum* since there
the decree specifically provided for support payments to
be made by respondent only if he was allowed to exercise
visitation rights, and, the conditions not having been met,
the court found no arrearage was due. Here, the respond-
ent actually is arguing that the decree should be retro-
actively modified. Unpaid allowances for alimony and
support under a divorce decree are in the nature of a final
judgment and cannot be retroactively disturbed, and the
court's authority to modify a decree extends only to the
executory portions thereof. *Klimasewski* v. *Klimasewski*,
91 R. I. 308, 162 A.2d 549 (1960); *Ciallella* v. *Ciallella*,
*supra.*

The court here was without authority to relieve re-
spondent of support payments, and his contention to the
contrary is without merit.

### III

In his brief, respondent argues that petitioner, who
waited from November 1967 until September 1971 to
prosecute a petition to hold respondent in contempt, should
not be allowed to prevail because she has been guilty of
laches.

This contention by respondent is not properly before us for the reason that the issue was not raised in the Family Court. As we said in *Romeo* v. *Cranston Redevelopment Agency*, 105 R. I. 651, 254 A.2d 426 (1969), the only questions entitled to review in this court are those raised in the court below. We therefore will not consider this issue.

The respondent having neither briefed nor argued his appeal claimed from the decree denying his motion to hold petitioner in contempt and ordering payment of a counsel fee to petitioner's attorney and of travel expenses to petitioner, said appeal, in keeping with our often stated rule, is deemed waived. *Pèttella* v. *Corp Brothers*, 107 R. I. 599, 268 A.2d 699 (1970).

The appeals of the respondent are denied and dismissed, the decrees appealed from are affirmed, and the case is remitted to the Family Court for further proceedings.

*Aisenberg and Dworkin, Alan T. Dworkin,* for petitioner.

*Anthony T. Jackvony,* for respondent.