374 A.2d 797.
DEMARIS A.H. SHONTING *vs.* DAVID H. SHONTING.
JUNE 22, 1977.

BEVILACQUA, C. J. This is an appeal from a decree of the Family Court denying the petitioner's petition to have the respondent adjudged in contempt for failure to pay alimony in compliance with the terms of a final decree of divorce.

The parties were granted a final decree of divorce on March 26, 1974. The decree awarded custody of their two minor children to petitioner, Demaris Shonting, and provided that neither party could take the children out of the state without the written consent of the other or the approval of the Family Court. In addition, the final decree ordered respondent, David Shonting, to pay $260 per month for each child as child support and $180 per month to petitioner as alimony for 42 months or until her remarriage, any further alimony being permanently waived. A property settlement agreement between the parties was incorporated by reference into the decree.

Shortly after the divorce, petitioner informed respondent that she planned to move to Pennsylvania with the children to live with a man whom she intended to marry as soon as his divorce became final. She expected to remarry in late August of that year. The respondent did not object to her move to Pennsylvania; in fact he cared for the children while she looked for housing in Pennsylvania.

In August 1974, petitioner moved to Pennsylvania with the children and at that time respondent ceased paying alimony. The respondent testified that in September he learned from the children that the marriage had not taken

place, and in January petitioner informed him that there were legal difficulties involved in the other divorce, delaying her remarriage. However, respondent did not resume paying alimony. Disputes arose over visitation rights and deductions made by respondent from his payments of child support. In March 1975, respondent petitioned the Family Court to adjudge petitioner in contempt for refusing and interfering with respondent's visitation rights, and to amend the final decree by vacating the provision for alimony and awarding custody to respondent. The petitioner filed a cross-petition to have respondent adjudged in contempt for failure to comply with the decree as to alimony and child support. After a hearing, the trial justice continued respondent's petition for change of custody until June 1975, and denied petitioner's request to have respondent held in contempt, stating in his order:

> "That Petitioner's petition to adjudge Respondent in contempt for failure to pay alimony and child support is hereby denied since the Court finds that the Respondent's failure to make said alimony payments from August 1974, was justified under the circumstances * * *."

The petitioner appealed that portion of the trial justice's order excusing respondent's failure to pay alimony.

The matter of contempt is addressed to the sound discretion of the court, "to be exercised in accordance with particular facts and findings as to the extent and wilfulness of respondent's contempt for the authority and dignity of the court." *Tente* v. *Tente*, 112 R.I. 636, 639, 314 A.2d 149, 151 (1974); *Hartwich* v. *Hartwich*, 82 R.I. 54, 105 A.2d 821 (1954); *Shaw* v. *Shaw*, 81 R.I. 487, 104 A.2d 754 (1954); *Ciallella* v. *Ciallella*, 81 R.I. 320, 103 A.2d 77 (1954). The trial justice, in his decision, found that the respondent was "justified, under the circumstances, in not paying any further, because he fully expected that the petitioner would be remarried very short-

ly." Clearly, the trial justice concluded that the resondent's good faith belief that petitioner would soon remarry and that as a result he was relieved of the responsibility of continuing alimony payments negatived any wilful intent to disobey the court's order. Our review of the record persuades us that the trial justice did not abuse his discretion in denying the motion to adjudge respondent in contempt. *See King* v. *King,* 114 R.I. 329, 333 A.2d 135 (1975); *Hartwich* v. *Hartwich, supra.*

The petitioner, however, contends that the trial justice erred because the effect of his judgment excusing respondent's failure to pay was to retroactively modify the decree.[1] It is well-settled in Rhode Island that unpaid allowances for alimony under a divorce decree are in the nature of a final judgment and no action of the court can retroactively disturb them. *Tente* v. *Tente, supra; Klimasewski* v. *Klimasewski,* 91 R.I. 308, 162 A.2d 549 (1960); *Ciallella* v. *Ciallella, supra.* In addition, this court has stated that "[t]he terms of an award of alimony contained in a final decree of divorce are conclusive on the parties unless and until they are altered, amended or annulled by a justice of the family court in which the decree was entered." *Zinni* v. *Zinni,* 103 R.I. 417, 422, 238 A.2d 373, 376 (1968). Each successive unpaid installment of alimony becomes a judgment which the courts are thereafter powerless to modify, suspend or vacate. *Masse* v. *Masse,* 112 R.I. 599, 313 A.2d 642 (1974). Thus, it is clear that a trial justice is "without authority" to modify retroactively a final decree of divorce. *Klimasewski* v. *Klimasewski, supra.* In the instant case, the trial

[1]The petitioner also contends that the trial justice erred in prospectively modifying the decree for alimony. However, our review of the trial justice's order leads us to conclude that no such prospective modification was made. Consequently, this issue is not before us in the instant appeal.

court's judgment made no reference to retroactive modification of the decree. Consequently, we conclude that the judgment neither intended nor had such effect. The final decree remains unmodified, and the petitioner can seek enforcement by means of another petition to adjudge respondent in contempt, suit at law or through execution of the judgment at law. *Pires* v. *Pires*, 102 R.I. 23, 227 A.2d 477 (1967); *Shaw* v. *Shaw, supra; Reynolds* v. *Reynolds*, 53 R.I. 326, 166 A. 686 (1933); *Wagner* v. *Wagner*, 26 R.I. 27, 57 A. 1058 (1904).

The petitioner's appeal is denied and dismissed, and the decree appealed from is affirmed.

*Abedon, Stanzler, Biener, Skolnik & Lipsey, Howard I. Lipsey,* for petitioner.

*Sheffield & Harvey, Brian G. Bardorf,* for respondent.