383 A.2d 1031.

RUTH L. MAREK *vs.* JOSEPH A. MAREK.

MARCH 24, 1978.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

BEVILACQUA, C.J.  This is an appeal from a decree of the Family Court citing the respondent for contempt for failure to comply with the provisions of an interlocutory decree.

The petitioner Ruth L. Marek and respondent Joseph A. Marek were married on June 23, 1952. On September 20, 1972, petitioner filed a petition for divorce from bed and board and on November 3, 1972, her motion for temporary allowance in conjunction with the petition was heard. On November 30, 1972, petitioner was granted exclusive use of the jointly-owned domicile and respondent was ordered to pay all household expenses and reasonable costs for the maintenance and repair of said property. Thereafter petitioner amended her initial petition for divorce from bed and board in order to seek an absolute divorce on the grounds of extreme cruelty. On April 25, 1973, the divorce was granted. An interlocutory decree entered on May 9, 1973, incorporated the terms and conditions of the prior order for temporary support.

On December 12, 1975, petitioner's motion to adjudge respondent in contempt for failure to comply with the orders of the Family Court was heard. An examination of the record indicates that both the electric bill and the property taxes were in arrears. The petitioner testified that she paid for vinyl siding and a new roof on the house. Additionally, she stated that she had the driveway paved, the house trim painted, and a toilet replaced. On January 9, 1976, the trial justice ruled that according to the terms of the interlocutory decree, respondent was responsible for payment of taxes, the electric bill, the painting of the trim, and the replacement of the toilet. Accordingly, he adjudged respondent in contempt of the Family Court for his failure to comply with the provisions of the decree. The trial justice further ruled that the vinyl siding, new roof and paved driveway were "capital improvements" rather than "repairs

and maintenance" and, therefore, respondent was not in contempt relative to these expenses. However, he ordered respondent to purge himself of contempt by paying 50 percent of the cost of the capital improvements made by petitioner to the jointly owned property.

On December 17, 1975, respondent filed a motion to compel petitioner to enter the final decree or to dismiss the divorce action. The petitioner elected to have her divorce dismissed and, on February 6, 1976, the court ordered the petition dismissed. According to a decree entered March 4, 1976, all orders and judgments prior to the date of dismissal remained in effect. The respondent did not appeal from this decree.

I

The initial issue before us is whether the trial justice abused his discretion in ordering respondent to pay one-half of the capital improvement expenses. It is well settled that the matter of contempt is addressed to the sound discretion of the trial justice, to be exercised in accordance with the particular facts and findings as to the extent and willfulness of respondent's contempt for the authority and dignity of the court. *Brown* v. *Brown*, 114 R.I. 117, 329 A.2d 200 (1974); *Tente* v. *Tente*, 112 R.I. 636, 314 A.2d 149 (1974); *Hartwich* v. *Hartwich*, 82 R.I. 54, 105 A.2d 821 (1954). On review, we will not disturb his decision absent a showing of clear abuse. *Brown* v. *Brown*, 114 R.I. at 120, 329 A.2d at 201-02.

In the case at bar, respondent contends that the trial justice abused his discretion by ordering him to pay for capital improvements because those costs were not within the scope of the maintenance and repair payments addressed in the decree. We find no merit in this argument. The record discloses that respondent failed to comply with the decree entered on May 9, 1973. Therefore, he was held in contempt by the trial justice. It is clear that the trial justice did not construe the capital improvement costs to be part of respondent's responsibility under the decree. The order of

the trial justice requiring respondent to pay one-half of the cost of the capital improvements was in the nature of a sanction imposed to enable respondent to purge himself of the contempt. We are of the opinion that the power of the court to preserve the integrity of its decrees by enforcement through contempt proceedings necessarily includes the incidental authority to impose reasonable terms when permitting the guilty party to purge himself of the contempt. *Ciallella* v. *Ciallella*, 81 R.I. 320, 103 A.2d 77 (1954). It is clear that sanctions for civil contempt may be sufficiently coercive to gain swift compliance. *City of Pawtucket* v. *Council #70, AFSCME, Local 1012*, 116 R.I. 198, 353 A.2d 607 (1976).

An examination of the record reveals that respondent conceded the house was in need of improvements and that he had previously promised petitioner to paint the house and to repair the roof. In light of the joint ownership of the property and the circumstances of this case, we conclude that the trial justice did not abuse his discretion in ordering respondent to pay 50 percent of the capital improvement costs in order to purge himself of the contempt order.

## II

The respondent also contends that all prior orders, including the contempt order, were vacated when the court allowed the petitioner's motion to discontinue the divorce petition. However, because the respondent did not appeal from the March 4, 1976 decree continuing in effect the prior orders and judgments, this issue is not properly before us.

The respondent's appeal is denied and dismissed, and the decree appealed from is affirmed.

Mr. Justice Paolino participated in the decision but retired prior to its announcement.

*Toro Law Associates, Inc., Eugene F. Toro*, for petitioner.

*Abraham Goldstein*, for respondent.