SCHOOL COMMITTEE OF the TOWN OF NORTH PROVIDENCE

v.

NORTH PROVIDENCE FEDERATION OF TEACHERS, LOCAL 920.

81–221–Appeal.

Supreme Court of Rhode Island.

Nov. 16, 1983.

Robert S. Ciresi, North Providence, for plaintiff.

Richard A. Skolnik/Frederick G. Cass, Abedon, Michaelson, Stanzler, Biener, Skolnik & Lipsey, Providence, for defendant.

## OPINION

MURRAY, Justice.

This is an appeal from two judgments of the Superior Court, Providence County, modifying and enforcing an award in arbitration between the plaintiff, North Providence Federation of Teachers Local No. 920 (the union), and the defendant, School Committee of the Town of North Providence (the school committee). The school committee persistently refused to comply with the terms of the award and was twice adjudged in contempt. The questions presented by this appeal are: (1) whether the trial justice erred in modifying his previous order by excluding certain union members from the benefits of the award, and (2) whether one Superior Court justice erred in correcting an inaccurate mathematical computation contained in an order issued previously by another justice and in subsequently denying the union's third motion to adjudge the school committee in contempt.

On October 5, 1977, members of the union filed a grievance under the terms of the collective-bargaining agreement then in force between the union and the school committee. The grievance alleged that certain employees engaged in "special education" were being denied the forty-five minute daily preparation period provided under the terms of the collective bargaining agreement. The union sought and obtained an award in arbitration ordering the school committee to provide special-education teachers with the daily preparation period. The school committee's subsequent motion to vacate the award was denied, and on December 15, 1978, judgment was entered in the Superior Court confirming said award.

The school committee refused to implement the award despite appropriate union requests. The union filed a motion to adjudge the school committee in contempt, and on December 6, 1979, judgment was entered in the Superior Court granting the motion and ordering the school committee to compensate not only the original grievants but all other union members engaged in special-education studies.

The union filed a second motion to adjudge the school committee in contempt on March 17, 1980. In ruling on that motion, the trial justice found that six union members did not fall within the special-education category and thus were not entitled to the daily preparation periods. The trial justice also found, however, that the school committee's refusal to comply with respect to the deserving teachers was "deliberate" and inexcusable. Accordingly, judgment was entered on June 24, 1980: (1) granting the union's contempt motion, (2) ordering the school committee to comply with the terms of the arbitration award, and (3) ordering the school committee to compute "the number of preparation periods due each teacher and only deduct therefrom, the number of preparation periods actually given to each teacher [and] the number of days a teacher was absent from school, and without making any further deductions, multiply the remainder by the hourly rate due each teacher to compensate them for preparation periods as provided in the award." In addition, the amounts due each teacher were set forth specifically in the judgment.

The school committee responded to this order by paying the teachers only three-quarters of the amounts set forth in the June 24, 1980 judgment, thus prompting the union to file a third motion to adjudge the school committee in contempt. The school committee moved to vacate the June 24, 1980 judgment of the first trial justice. On February 10, 1981, after a full hearing before a different trial justice, judgment was entered granting the school committee's motion with respect to that portion of the June 24, 1980 judgment setting forth specific amounts of compensation for individually named teachers on the ground that these figures were the result of a miscalculation. Specifically, the second trial justice found

that the amounts set forth in the judgment were calculated by multiplying the number of preparation periods due each teacher by the hourly wage of the teachers, notwithstanding the fact that the preparation periods were only forty-five minutes in duration. The second trial justice found further that this result was not intended by the first trial justice and that the incorrect compensation computations were made by plaintiff's counsel in preparation of the judgment.

The second trial justice denied the union's motion to adjudge the school committee in contempt for the reason that the terms of the June 24, 1980 judgment were not set forth with the requisite specificity or particularity to sustain a finding of contempt. The union appeals specifically from the judgment of February 10, 1981 and from that portion of the June 24, 1980 judgment excluding six union members from the benefits of the arbitration award.

■ Addressing first that portion of the June 24, 1980 judgment excluding six teachers from the benefit of the arbitration award, we feel it clear that this exclusion was a finding of fact by the first trial justice pertinent to his consideration of the union's motion to adjudge in contempt. Indeed, the exclusion was included *not* under that section of the judgment stating the orders of the court but under the preceding section setting forth the trial justice's findings of fact. Factual disputes are the sole province of the finder of fact, and we are limited on review to an examination of the record as it stands. *Morinville v. Morinville,* 116 R.I. 507, 516, 359 A.2d 48, 53–54 (1976); *Fournier v. Ward,* 111 R.I. 467, 472, 306 A.2d 802, 804–05 (1973). We decline to disturb the trial justice's findings with respect to the June 24, 1980 judgment and hold that the trial justice did not err in clarifying his previous order by finding that six union members did not fall within the special-education category.

After the union filed its third motion to adjudge the school committee in contempt, the school committee filed a motion to amend that portion of the June 24, 1980 judgment setting forth specific amounts of compensation due certain teachers. It is unclear from the record and briefs whether this motion was filed pursuant to Rule 59(e) of the Superior Court Rules of Civil Procedure, governing motions to *amend,* or Rule 60(b), governing motions to *vacate.* Insofar as this matter is concerned, the crucial distinction between the two rules is that a Rule 59(e) motion to amend must be filed within ten days after entry of judgment, whereas a Rule 60(b) motion to vacate must be filed within a reasonable time, and in any case not more than one year after entry of judgment. The school committee's motion was filed long after the ten-day-limitation period imposed by Rule 59(e) had elapsed.

■ The second trial justice entertained the motion by treating it as a Rule 60(b) motion despite the fact that, as filed, the motion really asked for an amendment of the June 24, 1980 judgment. There is ample authority for treating a 60(b) motion filed within ten days after entry of judgment as a Rule 59(e) motion to amend, despite its being labeled as a motion to vacate. *Armand's Engineering, Inc. v. Town and Country Club, Inc.,* 113 R.I. 515, 518, 324 A.2d 334, 336–37 (1974); 1 Kent, *R.I.Civ.Prac.* § 59.10 at 447 (1969). Indeed, the reporter's notes to Rule 59 state that "[a] motion to alter or amend a judgment under Rule 59(e) is analogous to a Rule 60(b) motion to vacate judgment." However, we do not here address the question of whether the second trial justice was correct in treating the school committee's motion as a Rule 60(b) motion to vacate judgment. In actuality the trial justice neither vacated nor amended the previous judgment. He merely corrected an inaccurate mathematical computation before considering the union's third motion to adjudge the school committee in contempt.

■ Generally, collateral attack upon an order is not allowed on review of a judgment of civil contempt for disobedience

of the order. When the court has jurisdiction over the parties and of the subject matter, a party will not be permitted to urge in defense of his alleged misconduct that the court erred in entering the order. *Borozny v. Paine,* R.I., 411 A.2d 304, 306 (1980); *Hartt v. Hartt,* 121 R.I. 220, 224–25, 397 A.2d 518, 521 (1979); *Menard v. Woonsocket Teachers' Guild-AFT 951,* 117 R.I. 121, 129–30, 363 A.2d 1349, 1354 (1976). As we pointed out in *Hartt,* "[t]his is really another statement of the rule that a valid final judgment, even though erroneous, is not subject to collateral attack." *Hartt v. Hartt,* 121 R.I. at 225, 397 A.2d at 521.

However, the motion of the school committee was *not* filed in defense of the contempt motion per se but as an effort to correct what the school committee believed to be an error in the June 24, 1980 judgment. The second trial justice had two distinct motions before him—the union's motion to adjudge in contempt and the school committee's motion to vacate the June 24, 1980 judgment. Before considering the motion to adjudge in contempt, the trial justice acted to ensure the mathematical accuracy of the June 24, 1980 judgment. The motion to vacate—however treated by the second trial justice—was not part and parcel of the motion to adjudge in contempt. It was considered independently and not in conjunction with or as a defense to the motion to adjudge in contempt. This is demonstrated by the fact that the second trial justice's denial of the union's third motion to adjudge in contempt was based on his finding that certain terms in the June 24, 1980 judgment were unclear and *not* on the mathematical errors with which the motion to vacate was concerned. Accordingly, the motion to vacate did not amount to a collateral attack on the June 24, 1980 judgment, and the second trial justice did not err in correcting what was an obvious error in calculation.

■ Likewise, we find no error in the trial justice's denial of the union's third motion to adjudge the school committee in contempt. To be enforceable by contempt proceedings, an order should be clear and certain in its terms and should be sufficient to enable one reading it to learn therefrom what he may or may not do. *School Committee of Pawtucket v. Pawtucket Teachers' Alliance, Local No. 930,* 117 R.I. 203, 209, 365 A.2d 499, 503 (1976); *Sunbeam Corp. v. Ross-Simons, Inc.,* 86 R.I. 189, 194, 134 A.2d 160, 162–63 (1957). Individuals attempting to comply with a court order, since they are under the threat of judicial punishment, are entitled to be told in clear, specific, and precise terms what is expected of them. *Pawtucket Teachers' Alliance,* 117 R.I. at 212, 365 A.2d at 504 (Kelleher, J., dissenting).

■ The second trial justice concluded that the June 24, 1980 judgment was not set forth with the requisite specificity or particularity to justify a finding of contempt. "It is well settled that the matter of contempt is addressed to the sound discretion of the trial justice, to be exercised in accordance with the particular facts and findings as to the extent and willfulness of respondent's contempt for the authority and dignity of the court." *Marek v. Marek,* 119 R.I. 841, 843, 383 A.2d 1031, 1032–33 (1978); *Shonting v. Shonting,* 118 R.I. 475, 478, 374 A.2d 797, 798 (1977).

■ On review, we will not disturb the trial justice's decision absent a showing of clear abuse. *Brown v. Brown,* 114 R.I. 117, 120, 329 A.2d 200, 201–02 (1974). The union has not demonstrated any such abuse of discretion, and thus we will not disturb the second trial justice's denial of the union's motion to adjudge in contempt.

■ We hold that the first trial justice did not err in modifying his previous order by making an additional finding of fact. We hold also that the second trial justice acted properly in correcting the mathematical error of the previous judgment and that his denial of the union's third motion to adjudge the school committee in contempt was within his discretion.

The plaintiff's appeal is denied and dismissed. The judgments appealed from, as

modified, are affirmed, and the papers in this case are remanded to the Superior Court.

SHEA, J., did not participate.