[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This case has come to the court on plaintiff's motion to adjudge the defendant in contempt of this court's orders entered on July 11 and December 11, 1991. Said order instructed the defendant to install an artificial drainage system on plaintiff's land sufficient to afford relief from the nuisance of excess surface water and to pay the necessary and reasonable costs associated therewith.
CASE TRAVEL
The plaintiff, Joseph A. Zannini, is the owner of a single-family home at 20 Rosebank Drive in Providence, Rhode Island. The defendant, Arboretum Development, Downing Associates, Inc., is the developer of a condominium project, the Elmhurst Arboretum, on land contiguous to that of Zannini.
In 1979, Downing began construction of Arbor Drive and the Elmhurst Arboretum on its land which lies higher than and north of Zannini's land. The abutting properties have a common boundary of approximately 90 feet. During the development, Downing extensively graded and excavated the land which had been covered with vegetation prior to the project. Downing filled the portion of the land lying along its southern boundary and Zannini's northern boundary. Downing also constructed a retaining wall, composed of wooden timbers, along the common boundary. However, during and after the construction period, Zannini experienced extensive water damage to his home and property. After repeated attempts on his part to resolve these problems with Downing, Zannini sued the defendant.
After a trial, this court ordered that judgment in the amount of $3,534.75 be awarded to Zannini. More importantly, this court ordered Downing to install an artificial drainage system sufficient to afford relief to Zannini from the nuisance created by Downing. The court reached this decision based on the evidence showing that Downing's actions resulted in interference with Zannini's use and enjoyment of his land. Judgment for the plaintiff was entered on August 3, 1988.
In September of 1989, plaintiff moved to adjudge defendant in contempt of this court's order entered on August 3, 1988, because at this point a suitable drain had not been installed by the defendant. In making its decision on the contempt motion this court found that although Downing had undertaken corrective measures to alleviate the flow of the surface waters onto Zannini's property, these corrective measures had proven to be insufficient to afford relief to Zannini from the nuisance created by Downing. The court concluded that Zannini was still being injured after the entry of the original judgment; namely, that Zannini's land continued to receive excess surface water.
The court, in its decision on Zannini's first motion to adjudge defendant in contempt, ordered Downing to install an artificial drainage system on Zannini's land sufficient to afford relief from the nuisance, and further ordered the defendant to pay the necessary and reasonable costs associated therewith. The court also found Downing's conduct not to be contemptuous at that time. The court's order on plaintiff's first motion to adjudge defendant in contempt was entered on July 11, 1991. The court reaffirmed its order of July 11, 1991 by its issuance of an order on December 11, 1991.
The parties are now back before this court for the third time. Plaintiff contends that defendant's conduct is contemptuous of this court's orders of July 11 and December 11, 1991.
PLAINTIFF'S ARGUMENT
Zannini argues that Downing is in contempt of the court orders of July 11 and December 11, 1991 requiring the installation of a drainage system on Zannini's land at Downing's expense. Zannini alleges that Downing has neither made any effort nor expressed any intention to comply with the orders. Furthermore, the plaintiff argues that Downing has presented no evidence of any obstacles in the way of its compliance with these orders and has failed to produce any reason for which this court may excuse its disregard of the orders.
DISCUSSION
The court appreciates plaintiff's frustration in resolving this matter and acknowledges the need for prompt action to afford the plaintiff the relief to which he is entitled. However, the court does not find Downing's conduct thus far to be contemptuous.
With respect to the law of contempt, "It is well settled that the matter of contempt is addressed to the sound discretion of the trial justice, to be exercised in accordance with the particular facts and findings as to the extent and willfulness of respondent's contempt for the authority and dignity of the court." School Committee of the Town of North Providence v.North Providence Federation of Teachers, 468 A.2d 272, 276 (R.I. 1983), (quoting, Marek v. Marek, 119 R.I. 841, 843,383 A.2d 1031, 1032-33 (1978); Shonting v. Shonting, 118 R.I. 475, 478,374 A.2d 797, 798 (1977)). Here, this court upon review of the facts and circumstances surrounding the present matter and in exercise of its discretion finds that defendant Downing's conduct in light of the orders of July 11, and December 11, 1991 is not contemptuous. While the wording of these orders clearly articulated Downing's duties and obligations to the plaintiff, the selection of the means of implementing said order was the responsibility of the installer but at all times required the cooperation and consent of the plaintiff.
It must be kept in mind that the purpose of a civil contempt sanction is to compel a reluctant or recalcitrant party to comply with a judicial order or voluntary agreement. If a party is literally unable to do so because compliance is not presently within his power, the attempt at coercion embodied in a finding of contempt is meaningless. Palmigiano v. DiPrete, 700 F. Supp. 1180 (D.R.I. 1988). The defendant in the present case may not be powerless to comply with court's order pursuant to Decision II, but certain complicated factors have made compliance much more difficult than originally anticipated by this court. Such factors noteably include the need to secure permission for the installation of the drainage system on plaintiff's land from the property owners to the rear of plaintiff's property.
Zannini's contention that Downing's conduct constitutes contempt does not reflect the efforts made by Downing to resolve this matter. This controversy has endured a tortured history. In addition to various motions, trials, and court hearings, there have been numerous and extensive conferences to work this matter out. To find that Downing is in contempt would be neither accurate nor equitable.
The plaintiff in his post-hearing memorandum expresses his anxiousness to have this problem resolved and now is expressing a willingness to accept a resolution which calls for the installation of a drainage system on his land (as ordered by Decision II), or one that calls for correction of the system on the Arboretum property (a system which was found to be insufficient in Decision II). Based on the above factors and the arguments and testimony presented at the hearing on this motion, this court finds that the most reasonable, and, perhaps, the most effective solution to the problems faced by plaintiff is to improve the existing drainage system on the Arboretum property.
The difficulty surrounding compliance with the Decision II order coupled with the need to remedy promptly the plaintiff's situation require the issuance of a further structured and specific order. Accordingly, Downing is found not to be in contempt of the orders of this court entered on July 11 and December 11, 1991. However, Downing is ordered to
 (a) design and install such improvements to the existing artificial drainage system on the Arboretum property as are acceptable to the Arboretum Association's Board of Directors and which afford relief to plaintiff from the flow of excess surface water onto his land. Such improvements, once approved, must be completed within thirty (30) days. Failure to install the necessary improvement within thirty (30) days of approval will result in Downing paying a fine of $1,000 per day for each day after the expiration of the 30-day period set forth in paragraph (a).
 (b) design and install an artificial drainage system on plaintiff's property and
 (c) submit to this court, within fifteen (15) days after completion of the work, a certificate of completion signed by a professional engineer licensed by the State of Rhode Island certifying that the work performed is complete and functional in every respect.
Finally, plaintiff's request to amend the case caption so as to reflect that Downing Associates, Inc. is now known as the Downing Corporation is hereby granted.
Counsel shall prepare the appropriate order.