Joseph A. ZANNINI

v.

The DOWNING CORPORATION.

No. 96–311–Appeal.

Supreme Court of Rhode Island.

Nov. 10, 1997.

Anthony F. Muri, Providence, for Plaintiff.

Frank A. Lombardi, Thomas C. Angelone, Paul J. Bogosian, Jr., Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on October 6, 1997, pursuant to an order directing both parties to show cause why the issues raised in this appeal should not be summarily decided. The defendant, The

Downing Corporation (Downing), appeals from a Superior Court judgment adjudging it in contempt of a previous court order. Downing also appeals from the denial of its motion to modify that order.

After hearing the arguments of counsel for the parties and after reviewing the memoranda of the parties, we are of the opinion that cause has not been shown and the appeal will be decided at this time.

On December 8, 1994, a trial justice of the Superior Court ordered Downing to install one of two specific drainage systems on its property: the Garofalo system or the Jacobs system. The installation was to begin no later than January 19, 1995, and was to be completed no later than March 10, 1995. Downing was required to deliver a written certification to plaintiff Joseph A. Zannini (Zannini) that the work was completed in accordance with all specifications and would be fully operational by March 16, 1995.

Although Downing did perform some drainage work at the site, no one disputed that this work was not performed in accordance with the prescribed plans. As a result on May 3, 1995, Zannini filed a motion to adjudge Downing in contempt of the December 1994 order. An evidentiary hearing on the motion was conducted on August 21, 1995, during which Downing proposed an entirely new drainage system and sought a modification of the order. The trial justice found, however, that Downing "was not the least bit concerned about compliance with the terms of the order." The trial justice also found that no effort was made to install the system in a manner consistent with either the Garofalo or the Jacobs plan, that no timely application was made to modify the order, and that the order "was just ignored; willfully ignored." Downing attempted to defend against the contempt motion by offering evidence of the efficacy of the alternate plan it proposed and argued that it was both an acceptable alternative and far less costly. The court rejected this argument, however, and noted that in order to avoid an order of the court, a party must have it modified or dissolved or demonstrate to the court that compliance is an impossibility. The court noted that impossibility requires a "literal showing of inability to comply * * * with the judicial order or consent decree and not simply the unwillingness because the contemnor perceives the steps that actually can be taken, are costly or inconvenient." The court concluded by finding that Downing had failed to establish an inability to perform or any other excuse for noncompliance with the order. Accordingly the trial justice found Downing to be in contempt of the December 8, 1994 order and denied defendant's motion to modify it. Downing appeals both the decision adjudging it to be in contempt and the denial of its motion to modify.

On appeal Downing first argues that because the alternate system as installed functioned to achieve the desired effect and to alleviate the drainage problems originally established by plaintiff, its motion to modify the order should have been granted. A motion to modify a court order made pursuant to Rule 60(b) of the Superior Court Rules of Civil Procedure lies "within the sound discretion of the trial justice and his or her ruling will not be disturbed on appeal absent a showing of abuse of discretion or error of law." *Iddings v. McBurney,* 657 A.2d 550, 553 (R.I.1995). "The burden of proof is on the moving party." *Id.* The motion must be made within a reasonable time and in certain instances not more than one year after the judgment or the order was entered. Super. R. Civ. P. 60(b). In this matter Downing did not move to modify the December 1994 order until the conclusion of his August 21, 1995 contempt hearing. As Zannini accurately asserts, a Rule 60 motion for relief from a judgment may not be used to review the propriety of an order thus circumventing the time limits of an appeal. *Gray v. Stillman White Co.,* 522 A.2d 737, 740 (R.I.1987). Downing made no prior attempts to modify the order, nor could it demonstrate excusable neglect, thus the decision of the trial justice denying the eleventh hour motion to modify the order was well within her discretion.

The defendant next argues that it was an error for the trial justice to adjudge it in contempt. Downing asserts it was in substantial compliance with the spirit of the order because the alternate system was

much less costly and the functional equivalent to the systems ordered by the court. Therefore, Downing suggests, it was not in willful violation of the order. This argument is wholly without merit.

"It is well settled that the matter of contempt is addressed to the sound discretion of the trial justice, to be exercised in accordance with the particular facts and findings as to the extent and willfulness of respondent's contempt for the authority and dignity of the court." *School Committee of North Providence v. North Providence Federation of Teachers, Local 920*, 468 A.2d 272, 276 (R.I.1983) (quoting *Marek v. Marek*, 119 R.I. 841, 843, 383 A.2d 1031, 1032–33 (1978), and citing *Shonting v. Shonting*, 118 R.I. 475, 478, 374 A.2d 797, 798 (1977)). The factual record developed in the court below demonstrates "by clear and convincing evidence that a lawful decree [of the court had been] violated." *See Trahan v. Trahan*, 455 A.2d 1307, 1311 (R.I.1983). As the trial justice indicated, in order to avoid an order of the court, an individual must demonstrate that he or she is literally unable to comply because compliance is not presently within his or her power. *See Palmigiano v. DiPrete*, 700 F.Supp. 1180, 1196 (D.R.I.1988). The burden of proving impossibility, however, is a heavy one, and mere inconvenience or annoyance is insufficient. *Id.* In the instant case, Downing failed to meet this burden, and as a result the trial justice did not abuse her discretion.

Consequently the appeal is denied, and the judgment appealed from is affirmed. The papers in the case may be returned to the Superior Court.