WOONSOCKET TEACHERS' GUILD

v.

WOONSOCKET SCHOOL COMMITTEE.

No. 96–648–Appeal.

Supreme Court of Rhode Island.

Feb. 12, 1998.

Richard A. Skolnik, Providence.

Richard R. Ackerman, Woonsocket.

### ORDER

The case came before the court for oral argument January 21, 1998, pursuant to an order that had directed the parties to appear and show cause why the issues raised by this appeal should not be summarily decided. Af-ter hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown, and that the issues raised by this appeal will be decided at this time.

The plaintiff, Woonsocket Teachers' Guild (the union) appeals from a judgment of the Superior Court denying its petition to adjudge defendant, Woonsocket School Committee (committee) in contempt.

On March 1, 1995, a justice of the Superior Court had granted declaratory and injunctive relief in favor of the union in respect to the holding of grievance hearings in the following terms:

"The injunctive relief requested by Defendant, Woonsocket Teachers Guild in its counterclaim is granted to the extent that the Woonsocket School Committee is enjoined pursuant to the applicable Collective Bargaining Agreement with the Woonsocket Teachers Guild from holding grievance hearings in open session, consistent with the decision of the arbitrator as confirmed by this Court in *Woonsocket Teachers Guild v. Woonsocket School Committee,* PC No. 931455."

Subsequent to the entry of this judgment the committee discharged a teacher for alleged sexual and financial misconduct. After the discharge, the teacher went through a grievance procedure culminating in an arbitration award which affirmed the discharge of the teacher. Upon receipt of· a draft decision from the arbitrator, the chairman of the committee released a copy of the draft to a staff member of *The Call,* a newspaper published in Woonsocket and surrounding municipalities. He also commented upon the decision and expressed his approval thereof. Another member of the committee also commented approvingly upon this draft decision. As a result of this action by the chairman and another committee member, the union filed a petition to adjudge the committee in contempt.

After hearing, a justice of the Superior Court denied the petition. In denying the petition the justice made certain findings of fact and determined that the judgment granting injunctive relief did not purport to

bind individual members of either the committee or the union. He further found that the judgment referred only to grievance meetings and grievance hearings of the committee. He went on to determine that there was no evidence that the actions of the two committee members were authorized, encouraged, or permitted by the Woonsocket School Committee.

In our opinion the findings of the trial justice were supported by the evidence presented to the court. We have held that any order enforceable by the sanction of contempt should be clear and certain in its terms sufficient to enable an individual to know therefrom what he may or may not do. *School Committee of the Town of North Providence v. North Providence Federation of Teachers*, 468 A.2d 272, 276 (R.I.1983).

The trial justice also considered an earlier judgment by the Superior Court which affirmed an arbitration award that required the committee to conduct grievance meetings in executive session. This judgment was entered February 15, 1995. Considering this judgment together with the judgment of March 1, 1995, the trial justice concluded that neither judgment applied to arbitration proceedings and neither judgment would authorize the holding of the committee in contempt for an action by two individual members. In so holding the trial justice was clearly correct.

Consequently, the appeal of the union is denied and dismissed. The judgment of the Superior Court declining to hold the committee in contempt is affirmed.

BOURCIER, J., did not participate.